MORRIS ICE COMPANY *v.* WIRT ADAMS, STATE REVENUE AGENT.

1. TAXATION.    *Exemption.*

> The rule is universal that he who claims an exemption from taxation must show affirmatively an exemption expressly declared and that he is clearly within its terms.

2. SAME.    *Power of municipality to donate.    Constitution of* 1890, *sec.* 100.

> It is beyond the power of a municipality, under constitution of 1890, sec. 100, to remit or release liability to it for due and unpaid taxes.

3. STATE REVENUE AGENT.    *Laws* 1894, *ch.* 34, *sec.* 3, *p.* 30.    *Circuit court judgment.*

> Upon an appeal to the circuit court from the judgment of municipal authorities, under laws 1894, sec. 3, ch. 34, p. 30, on an assessment made under direction of the state revenue agent, the judgment should be one simply approving or disapproving the assessment; in case of approval, the court should not render a personal judgment against the taxpayer for the amount of taxes due.

FROM the circuit court, first district, of Hinds county.

HON. ROBERT POWELL, Judge.

This suit had its origin in the efforts of the state revenue agent to collect from the ice company taxes due to the city of Jackson for the years 1886, 1887, 1888, 1889 and 1890, and which he claimed said company had wrongfully escaped.    Acting under the statute (sec. 3, chap. 34, laws of 1894, p. 29), the revenue agent gave notice to the city tax assessor, requiring him

to make proper assessment of the ice company's property, by
way of an additional assessment, and to notify said company
and the municipal authorities of the city thereof. In pursuance
of the notice, the city assessor made the assessment and gave the
notices required. The question of the approval or disapproval
of the assessment so made, came on to be heard before the
municipal authorities of the city, the state revenue agent insist-
ing upon its approval and the ice company urging its disapproval.
Upon this hearing an agreed state of facts was entered into, from
which it appeared: 1. That the ice company was a manu-
facturer of ice, and was taxable, if not exempt or released from
city taxes, for the years above mentioned, on its capital stock of
$10,000, for each of said years. 2. That the ice company was
a corporation of the state of Mississippi, domiciled in the city
of Jackson. 3. That the city tax levy for each of said years was
regular, and was 10 mills on the dollar for 1886 and 1887, 14
mills on the dollar for 1888, 15 1-2 mills on the dollar for 1889,
and 13 1-2 mills on the dollar for 1890. 4. That the ice com-
pany had not previously been assessed or paid city taxes for said
years. 5. That the municipal authorities of Jackson, on Feb-
ruary 3, 1892, duly passed an ordinance in these words, viz.:
"Whereas, under the construction of the laws of the state of
Mississippi, that factories of all kinds were exempt from taxes,
divers manufactories have been established within the corporate
limits of the city, which would not have been done if such con-
struction had not been placed upon the law; and, whereas, the
city has invited such investments, desires to retain them within
its borders, and has refrained from collecting any taxes there-
from, upon the belief that the same was exempt; and, whereas,
good faith requires that the honest belief of both the manufac-
tories and the corporate authorities should be carried out, there-
fore: Be it ordained by the board of mayor and aldermen of
the city of Jackson, that all claims on the part of the city of
Jackson for taxes due, or that might have been due if the same

had been properly assessed prior to the fiscal year 1891, by the . . . Morris Ice Company, . . . and any other manufacturing company in said city, be, and the same is hereby, released and abated, and that said manufactories be, and they are hereby, required to pay the taxes for 1891, and all to grow due thereafter."

The assessment in dispute, aside from the exemption and release, was in accordance with the agreed state of facts. The municipal authorities of the city disapproved the assessment, and the state revenue agent appealed to the circuit court. Upon the trial in the circuit court, the judgment was one approving the assessment, adding thereto the personal judgment referred to in the opinion. The ice company appealed to the supreme court.

*Calhoon & Green,* for appellant.

The power of taxation granted by the charter of 1840, was that the mayor and board, etc., "shall have power to levy a tax in each and every year, in a sum not exceeding fifty cents on every hundred dollars of value thereof, on all lots of ground, or lots and tenements, within said city; and they shall have full power and authority to levy taxes on all property and things not hereinafter specified in this act, subject to taxation in the city."

The constitution of 1832, in force when this charter was passed, did not contain the equality and uniformity taxation clause. So, under this charter, the municipality had "full power and authority to levy taxes on all property and things not hereinafter specified in this act, subject to taxation in the city." Capital stock of a corporation could be taxable under this clause. The word, "full," "full jurisdiction," implies that nothing is reserved. *Bank* v. *Duncan,* 52 Miss., 745. By this charter, then, unlimited power to levy taxes on all property and things is delegated to the board. Under this, the board would stand, as to the power and authority in matters of taxation on personal property in the city, in the same position as the legislature does in matters of general state taxation. This unlimited

"power and authority" would confer the right of selection of classes of personal property and things to be taxed.

"The legislature may select the subjects of taxation, and everything not designated as taxable is exempt for the time being," and this under the equality and uniformity clause. *Vicksburg Bank* v. *Worrell,* 67 Miss., 57. Therefore, we conclude, if there was no ordinance taxing capital stock of corporations, and it is not pretended that there was, then this class of property and things, viz.: capital stock of corporations, was exempt because omitted. The power to tax, so far as concerns this case, is still that of the act of 1840. The repeal of this power, granted by the act of 1840, blotted out all rights except vested ones, and all proceedings pending or *in fieri,* to enforce any tax which might have been assessed under the act of 1840. *Musgrove* v. *R. R. Co.,* 50 Miss., 677; *Anding* v. *Levy,* 57 Miss., 57; *State* v. *Jenkins,* 73 Miss., 525.

When the city assessor of the city of Jackson was notified to make this assessment, he had no power to make it, and his act was void. Nor is this conclusion in any way affected by section 3, chapter 34, acts of 1894, creating the revenue agent.

The revenue agent cannot exercise for the board of mayor and aldermen the power which they had under the act of 1840 to tax all personal property, when the board refused to exercise the power. If the municipality had the same power now it had in 1840, and it did not see fit to tax capital stock of corporations, the revenue agent would be powerless to cause an assessment to be made.

The release of February 3, 1892, applicable to all the manufactories which had come into the city limits, under the mistaken belief, as recited in the ordinance, that they were exempt from taxes, was a valid exercise of the power vested in the municipality. The taxing power, as granted by the act of 1840, was, as shown in respect to capital stock, an unlimited power to exempt it from taxes. This power was limited by the act of 1890 to being exercised upon the classes of property assessed

by the county assessor. That act of 1890 was expressly prospective. It did not undertake to effect what·had theretofore been done. The city theretofore exempted these corporations by not embracing them in the classes for taxation.

The judgment herein is erroneous, in that it is a judgment *in personam.*

*Williamson & Potter,* for appellee.

The release from taxes for the years 1886, 1887, 1888, 1889 and 1890, made by the board of mayor and aldermen, on February 3, 1892, is in violation of section 100, of the constitution of 1890. It is in violation of the provision of· the constitution that the property of all corporations for pecuniary profits shall be subject to taxation the same as that of individuals. Sec. 13, art. 12, con. 1859, and sec. 181, con. 1890.

It is in violation of the provision of the constitution that taxation shall be equal and uniform throughout the state. Sec. 20, art. 12, con. 1869, and sec. 112, con. 1890.

All the authorities hold that where the state constitution provides that taxation shall be equal and uniform, municipalities cannot grant exemption from taxation, or commutation of taxes. Dillon Mun. Cor., vol. 2, note 1, sec. 781; Eng. & Am. Enc. L., vol. 25, p. 601; *State* v. *Hannibal Ry. Co.*, 75 Mo., 208; *Brewer Brick Co.* v. *Brewer*, 62 Me., 62; *State* v. *Taylor*, 48 Conn., 145; *State* v. *Gracey*, 11 Mo., 223; *Mark* v. *Jones*, 21 N. H., 393; *Hazzlett* v. *Mt. Vernon*, 33 Iowa, 229.

It is contended that at the time of the adoption of the charter of the city of Jackson, in 1840, there was no provision in the constitution requiring that taxation should be equal and uniform, and that under that charter the city did have power to exempt property from taxation. The reply to this is, that section 20, article 12, of the constitution of 1869, providing that taxation shall be equal and uniform, was a repeal of this power, if it ever existed, and that the city, in no event, had power, after its adoption, to grant exemption from taxation.

WOODS, C. J., delivered the opinion of the court.

The case for appellant is destitute of merit in its substantial aspects. There is no exemption from taxation in terms, either shown or claimed, and the rule is universal that he who claims exemption must show, affirmatively, an exemption expressly declared and that the claimant is clearly embraced within the terms of the exemption.

During the years set out in the record, and in the agreed statement of facts, taxes were levied on all property in the municipality. By reason of misapprehension of the municipal officials, the property of appellant escaped assessment, and so failed to pay those taxes for which it was clearly liable. Stripped of superfluous matter, the record presents simply a case in which property has escaped assessment for taxes properly assessable for the period named.

The best that can be said for appellant is, that the municipal authorities, after all the taxes now sought to be collected were due, and the most of them long overdue, endeavored to make a present of them all to the delinquent. Clearly this was beyond the power of the municipal authorities. These taxes were a liability, and the power to remit or release them was beyond the reach of the municipality. Constitution, sec. 100.

Under sec. 3, chapter 34, acts of 1894, page 30, the judgment of the court below should have been limited to an affirmance of the additional assessment made by the assessor, under the direction of the state revenue agent, and a judgment *in personam* for $630 should not have been rendered. The judgment *in personam* was unnecessary, for the assessor, armed with his approved assessment roll, had all the authority required to proceed in the usual manner to collect the taxes.

The judgment of the circuit court affirming the additional assessment, was correct, and that action of the lower court is hereby affirmed. The judgment *in personam* is vacated and set aside, and, inasmuch as the appellant will take nothing substan-

tial, because of our setting aside the personal judgment, and because the real question litigated is determined against it—that is, to say, because its liability to assessment and taxation is herein declared, the appellant will be taxed with all costs.