MILLSAPS COLLEGE *v.* CITY OF JACKSON.*

(In Banc.  Oct. 6, 1924.  Suggestion of Error Overruled Nov. 17, 1924.)

[101 So. 574.  No. 24040.]

1. COLLEGES AND UNIVERSITIES. *"Endowment" defined.*

   The endowment of a college, unless the term is qualified by other words or phrases, is commonly understood as including all property, real or personal, given to the college for its permanent support.

2. TAXATION. *Exemption of specific college lands held to negative intention to exempt land of different character as part of endowment.*

   Where the charter of a college exempts specific lands owned by the college from taxation and also the endowment fund contributed to said college, the grant of the specific exemption of land negatives an intention on the part of the legislature to include land of a different character held by the college as a part of its endowment.

3. STATUTES. *Same meaning attached to same word or phrase in different parts of statute, unless contrary intention appears.*

Where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout, and where its meaning in one instance is clear, this meaning will be attached to it elsewhere, unless it clearly appears from the whole statute that it was the intention of the legislature to use it in different senses.

4. TAXATION. *Exemption of college endowment fund held not to include other than money or negotiable securities.*

Where the charter of a college authorized it to accept contributions of money or negotiable securities in aid of its endowment, an exemption granted the college from taxation on its endowment fund will not include property held by the college as a part of its endowment, other than money and negotiable securities.

---

*Headnotes 1. Endowment, 20 C. J., p. 1255; 2. Taxation, 37 Cyc, p. 935; 3. Statutes, 36 Cyc, p. 1132; 4. Taxation, 37 Cyc, p. 935.

APPEAL from circuit court of Hinds county, First District.

HON. W. H. POTTER, Judge.

Proceeding between Millsaps College and the city of Jackson. From the judgment rendered the former appeals. Affirmed.

*Scott & Scott,* for appellant.

This case is here on appeal from the circuit court of the First Judicial District of Hinds county, Mississippi. It involves the question of whether or not certain real estate belonging to the appellant, Millsaps College, hereinafter called the "college" is exempt from taxation. The appellee, the city of Jackson, hereinafter called the "city," assessed the said property for taxation for the year 1923. The college filed its petition with the mayor and commissioners of the city, asking that said assessment be abated and struck from the assessment roll. The city council denied the petition.

UNDER SECTION FIVE OF THE CHARTER OF THE COLLEGE THE PROPERTY HEREIN INVOLVED IS EXEMPT FROM TAXATION. Having shown that the charter exemption, to whatever extent it applies, is constitutional, and that it forms a contract between the state of Mississippi and the college that cannot be vitiated without coming in conflict with the Constitution of the United States, we come now to consider whether or not under said charter the property here involved is exempt from taxation. Section five of the charter under which the exemption is claimed is as follows: "That the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls and dormitories thereon erected, and the endowment fund contributed to said college, shall be exempt from all state, county and municipal taxation, so long as the said college shall be kept open and be maintained for the purposes contemplated by this act, and no longer."

The question, then, is whether or not the property here involved constitutes a part of the endowment fund of Millsaps College. If the answer is in the affirmative, then clearly the college is entitled to the exemption under the charter; if it is answered in the negative, then the college cannot get the exemption under the charter.

We submit that beyond doubt the property here involved does constitute a part of the endowment fund of Millsaps College. In the first place, the petition, which is the agreed statement of facts in this case, says so. We, therefore, find it agreed that the property here involved does constitute a part of the permanent endowment fund of the college. As it may be said, however, that this is a conclusion of law on the part of both the city and the college in so agreeing, we will proceed to show that under the said section five, as a matter of law, the said property does constitute a part of the endowment fund of the college and is therefore exempt. We will show that the

term "endowment fund" includes the property here involved, interpreting it in either its legal meaning, its professional meaning, or in its commonly accepted meaning by the laity.

The endowment fund of a college is that part of its property set apart for its permanent uses as distinguished from the site, campus or grounds, and the building located thereon, and that part of its property used for operating expenses and purposes. It is that part of the property of a college, the body or *corpus* or which is not used for current operating purposes and expenses, but only the revenue from which may be and is used for such current operating expenses.

The word "endowment" and the words "endowment fund" are used interchangeably and synonymously, both in the law books, in common usage, and professionally. They mean the same thing. When the words "endowment fund" are used together, the only purpose is to distinguish the permanent endowment or permanent fund from that portion of the college property used for current expenses.

The words "endowment" and endowment fund" include any kind of property which is susceptible of being set apart for the permanent uses of the college as explained above. Real estate is such property. In former times it was the property most commonly used for such purposes. In fact, there is no safer way to hold the endowment fund of the college intact and unimpaired than in improved real estate.

For definitions of "endowment" see: Bouvier's Law Dictionary; Webster's New International Dictionary; 2 Century Dictionary; 2 Black's Law Dictionary.

In the *Dartmouth College case,* 4 U. S. (L. Ed.) 626, the United States supreme court throughout the decision used the words "fund" and "funds" to include real estate. While Chief Justice MARSHALL did not make use

of the word "endowment," Justice Story did on several
occasions in rendering his concurring opinion. In one
place Justice Story states: ". . . the very language
of the charter supposes him (meaning Dr. Whellock, the
founder) to be the legal owner of the funds (a large part
of which were lands), of the charity school and by virtue
of this 'endowment' declares him the founder of the col-
lege."

In *Trustees for Vincennes University* v. *State of In-
diana*, 14 U. S. (L. E.) 267, the United States supreme
court used the word "fund" to include lands. In *The
State* v. *The Vicksburg & Nashville Railroad Company*,
51 Miss. 361, which was a case involving school property,
Judge Tarbell used the following language: ". . .
With reference to the magnificent donation of Congress
two theories have obtained in different states fol-
lowed by corresponding results. In one class of states,
these donations have been faithfully employed within the
letter and spirit of the grants, the people, the legisla-
tures and the courts co-operating to the same end. Take
Iowa as an illustration of one class. She has a school
fund in land and money valued at not much less than
five million dollars."

The case of *Brown University* v. *Granger*, 36 L. R. A.
(R. L.) 847, shows that real estate is considered a part
of the endowment of the college if it is held as a part of
its permanent property. The case of *Webster City, etc.*
v. *Wright County, et al.* (Iowa), 123 N. W. 193, 24 L. R.
A. (N. S.) 1205, is another case which is conclusive that
under the charter of Millsaps College, productive real
estate is a part of the endowment fund exempted. The
case of *Ellsworth College of Iowa Falls* v. *Emmett Coun-
ty, et al.* (Iowa), 135 N. W. 594, 42 L. R. A. (N. S.) 530,
is another case absolutely conclusive. The case of *Nor-
ton's Executors* v. *City of Louisville*, 118 Ky. 862, 82 S.
W. 621, shows that lands may be considered a fund as

well as any other kind of property. By the will in this case certain lands are given to the executors to constitute a trust fund, and it is spoken of as an endowment fund.

The case of *Edward Abend* v. *Endowment Fund Commissioners of McKendree College,* 174 Ill. 96, recognizes that real estate may be a part of the permanent endowment fund of the college, and also shows that the words "endowment" and "endowment fund" are synonymous terms.

In *Beeler* v. *Highland University Company,* 54 Pac. (Kansas) 295, the words "endowment fund," the word "endow," and the word "endowed" and the word "endowment" are all used interchangeably and synonymously, meaning the same thing. In *McElwain Richards Company* v. *Gifford,* 65 N. E. (Ind.) 576, the supreme court of Indiana referred to the endowment of the University of Indiana as the "permanent endowment fund."

In *Burlington University* v. *Barrett, Executor,* 22 Iowa, 60, the court used the terms "permanent endowment" and "endowment fund" interchangeably and synonymously. *Yale University* v. *The Town of New Haven,* is instructive in that in it the supreme court of Connecticut recognized that real estate could constitute a part of the "funds" of the University.

The Constitutional Convention of 1890, recognized that land could be a part of the endowment of an institution by section 213 of the Constitution of 1890. The professional meaning of the term, that is, the meaning that is placed on the term by educators, includes rental property, such as the property here involved.

*Green, Green & Potter* and *Watkins, Watkins & Eager,* for appellee.

The real estate in question is not exempt as a part of the endowment fund. It is immaterial whether for cer-

tain purposes the real estate in question is or is not a part of the endowment fund of the college. The question is whether or not that real estate under the charter is exempt from taxation. It will be noted that the charter provides that the college may accept real property for the benefit of the college and also provides that it may accept contributions of money or negotiable securities of every kind in aid of the endowment of such college. In section 4 it is provided that it shall have authority to purchase grounds not to exceed one hundred acres, as a building site and campus. Or that it may accept propositions from any city, town or individuals for such grounds, and may accept donations or grants of land for the site of said institution. Then follows section 5, which provides that the lands or grounds not to exceed one hundred acres used by the corporation as a campus and the buildings thereon shall be exempt and the endowment fund contributed to said college shall be exempt.

It will thus be noted that the legislature expressly limited the amount of lands which this college could hold as exempt. The lands exempted were limited to that used by the corporation as a campus and in no event to exceed one hundred sixty acres. If counsel's contentions are to prevail, then the amount of land exempt to this college under the charter is unrestricted so long as the lands are a part of the endowment. Under counsel's contention the college could own one hundred acres of land as a campus, which would be exempt and one million acres as a part of the endowment, which would likewise be exempt. In other words, counsel maintains that the college has an unlimited exemption of land so long as that land constitutes a part of the endowment of the college. This contention is in conflict with reason and authority. The legislature has enumerated the lands that are exempted and this excludes all others. *Expressio*

136 Miss.—51.

*unius est exclusio alterius.*  25 R. C. L. 981; 36 Cyc. 1122; *Kock & Dreyfus* v. *Bridges,* 45 Miss. 247.

We have found several cases construing similar provisions and in all these it was held that lands constituting a part of the endowment were not exempted, when the legislature in other parts of the grant had specified what lands were to be exempted.  They are *State* v. *Krollman,* 38 N. J. L. 323; affirmed in 38 N. J. L. 574; *The First Reformed Dutch Church of New Brunswick* v. *Lyon,* 32 N. J. L. 360; *Wagner Institute Appeal,* 116 Pa. St. 554, 11 Atl. 402.  The two New Jersey cases arose under statutes very similar to the act in question.  The New Jersey statute exempted:  First, certain real estate, viz.:  all colleges, academies, public libraries, school houses, buildings erected and used for religious worship and the land whereon the same are situated necessary to the fair use and enjoyment thereof, not to exceed five acres; second, the furniture thereof, and the personal property used thereon; and third, the endowment or fund of any religious society, college, academy or seminary of learning, or public library.  And in this respect the statute as above pointed out is similar to section 5 of the charter, which exempts the campus site and buildings thereon, etc., not to exceed one hundred acres, all of which is real estate.

It may be that the exemption would extend to the income from these buildings, since that income is added to the endowment fund, but the land itself is not exempted.  *Gunter* v. *City of Jackson,* 94 So. 482.

Argued orally by *Frank Scott,* for appellant, and *Garner W. Green,* for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a judgment of the court below approving an assessment for taxes by the city of Jackson

of certain real property owned by the appellant and situated in that city. The property was given to the college by the late R. W. Millsaps, the founder of the college, during his lifetime, "in consideration," as the deed recites, "of the aid thereby to be given to the endowment of Millsaps College."

The property consists of a lot on which the donor had erected a building which is rented by the college to various tenants for business purposes, and is held by the college, according to the agreement of counsel, as a part of its endowment. Appellant is a corporation and its claim is that the property is exempt under section 5 of its charter, which provides "that the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls and dormitories thereon erected, and the endowment fund contributed to said college, shall be exempt from all state, county and municipal taxation, so long as the said college shall be kept open and be maintained for the purposes contemplated by this act."

Section 1 of the charter provides that the corporation "may accept donations of real and personal property for the benefit of the college hereafter to be established, and contributions of money or negotiable securities of every kind, in aid of the endowment of such college," and section 4 provides that the corporation may purchase or accept land, not to exceed one hundred acres, as a building site and campus for the college. The record and briefs of counsel present several interesting and difficult questions for decision, but there is one which lies at the threshold of the case which must be decided in favor of the college before the other questions can properly be reached, and is: Does the exemption granted by section 5 of the charter of the college cover land of the character of that here in question?

The exemption from taxation granted the college covers

two classes of property: First, the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls, and dormitories thereon erected; and, second, the endowment fund contributed to said college. It is admitted by counsel for the appellant, and the fact is, that the land here in controversy is not included in the first of these classes; consequently the narrow question presented for decision is: Does the exemption include land held by the college as a part of its endowment?

The endowment of a college is commonly understood as including all property, real or personal, given to it for its permanent support. If the term is to be so defined here, then practically all of the land which the corporation can hold "for the benefit of the college" will be exempt, for all of such property must necessarily be of one of two classes: First, the campus and grounds on which the college buildings are situated; or, second, land the revenue from which is applied to the support of the college, or, in other words, land held as a part of its endowment.

It seems reasonably clear that the term "endowment fund" is here used in a more restricted sense and was not intended to include land, for the specific grant of an exemption on land of a certain character negatives by implication an intention to exempt land of a different character. *State* v. *Krollman*, 38 N. J. Law, 574. "*Expressio unius est exclusio alterius.*" Moreover, if it was not the intention of the legislature to restrict the exemption on land to that specifically described in the grant of the exemption, but to include also therein land which the college might hold as a part of its endowment, such intention could have been easily placed beyond doubt by a simple provision that all land of the college which it is authorized by its charter to own, shall be exempt from all state, county, and municipal taxation.

The endowment of the college is referred to in one other section of the charter and its meaning there is evidently the one intended here for the rule is that "where the same word or phrase is used in different parts of a statute, it will be presumed to be used in the same sense throughout; and where its meaning in one instance is clear this meaning will be attached to it elsewhere, unless it clearly appears from the whole statute that it was the intention of the legislature to use it in different senses." 36 Cyc. 1132; 25 R. C. L. 994; *Green v. Weller,* 32 Miss. 650. Section 5 of the charter exempts from taxation the "endowment fund contributed to said college." Section 1 of the charter authorizes the corporation to "accept . . . contributions of money or negotiable securities of every kind, in aid of the endowment of such college." The "endowment fund" which section 1 of the charter contemplates will be "contributed to said college" is composed of money and negotiable securities from which, applying the rule just hereinbefore set out, it follows that property of such character only is included in the exemption of "the endowment fund contributed to said college."

It follows from the foregoing views that we are of the opinion that the exemption of land from taxation granted the appellant by section 5 of its charter is restricted to "the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls, and dormitories thereon erected."

*Affirmed.*