## MILLSAPS COLLEGE *v.* CITY OF JACKSON.

ERROR TO THE SUPREME COURT OF THE STATE OF
MISSISSIPPI.

No. 14.  Argued October 13, 1927.—Decided November 21, 1927.

1. This Court has jurisdiction in error to review a judgment of a
   state court sustaining a tax over the objection that the general
   taxing act under which it was levied, if applied to the property in
   question, would impair the obligation of a contract between the
   owner and the State.  P. 132.
2. In determining whether a contract of tax exemption was intended
   by a state statute, great weight attaches to the decision of the state
   court.  P. 132.
3. State court *sustained* in holding that where a statute exempted
   from taxation specifically the lands, not to exceed one hundred
   acres, used as a site and campus for a college, with the buildings
   thereon, and also the endowment fund contributed to the college,
   land not in the former category, but which was donated to and
   held by the college as part of its endowment, was not part of the
   " endowment fund " and not within the tax exemption.  P. 132.

136 Miss. 795, affirmed.

ERROR to a judgment of the Supreme Court of Missis-
sippi, affirming a judgment of the Circuit Court of Hinds
County, sustaining a tax on land belonging to the College
in a proceeding to vacate the assessment.

*Mr. Charles Scott,* with whom *Messrs. Robert H.
Thompson, W. T. Horton,* and *Frank T. Scott* were on the
brief, for plaintiff in error.

*Messrs. Garner W. Green* and *William H. Watkins,* with
whom *Messrs. Marcellus Green, Chalmers Potter, H.
Vaughn Watkins,* and *P. H. Eager* were on the brief, for
defendant in error

MR. JUSTICE McREYNOLDS delivered the opinion of the
Court.

Millsaps College is an educational institution, not oper-
ated for profit.  It was incorporated by a special act of the

Mississippi legislature approved February 21, 1890, which contains, among others, the following provisions.

The incorporators and their successors, under the name of Millsaps College, "may accept donations of real and personal property for the benefit of the college hereafter to be established by them, and contributions of money or negotiable securities of every kind, in aid of the endowment of such college.

"Said corporation shall have the power to select any appropriate town, city or other place in this State, at which to establish said college and to purchase grounds, not to exceed one hundred acres, as a building site and campus therefor, and erect thereon such buildings, dormitories, and halls as they may think expedient and proper, to subserve the purposes of their organization, and the best interest of said institution, and they may invite propositions from any city, or town, or individual in this State for such grounds, and may accept donations or grants of land for the site of said institution.

"That the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls, dormitories there erected, and the endowment fund contributed to said college, shall be exempt from all State, county and municipal taxation, so long as the said college shall be kept open and be maintained for the purposes contemplated by this act, and no longer."

Two improved pieces of land on Capitol Street, in the City of Jackson, were donated to the corporation as recited by the deeds of conveyance "in consideration of the aid thereby to be given to the endowment of Millsaps College." They constitute no part of the "building site and campus" and are carried on the productive endowment account at proper valuations. The buildings are rented

and the revenue derived therefrom is used to defray oper-
ating expenses of the College and for no other purposes.

The City assessed the lots and buildings for taxation.
By the present proceeding the College seeks to vacate the
assessment. It asserts exemption of the property by the
Act of 1890 and claims that the later general taxing Act,
if applied thereto, would impair the obligation of the con-
tract contrary to Section 10, Article I, Federal Consti-
tution.

The Supreme Court of Mississippi said—

"The exemption from taxation granted the college
covers two classes of property: First, the lands or grounds,
not to exceed one hundred acres, used by the corporation
as a site and campus for said college, and the buildings,
halls and dormitories thereon erected, and second, the
endowment fund contributed to said college. It is admit-
ted by counsel for the appellant, and the fact is, that the
land here in controversy is not included in the first of these
classes, consequently the narrow question presented for
decision is, Does the exemption include land held by the
college as a part of its endowment?

"The endowment of a college is commonly understood
as including all property real or personal, given to it for
its permanent support. If the term is to be so defined
here, then practically all of the land which the corporation
can hold "for the benefit of the college" will be exempt,
for all of such property must necessarily be one of two
classes: First, the campus and grounds on which the col-
lege buildings are situated, or second, land the revenue
from which is applied to the support of the college; or in
other words, land held as a part of its endowment.

"It seems reasonably clear that the term 'endowment
fund' is here used in a more restricted sense and was not
intended to include land, for the specific grant of an

exemption on land of a certain character negatives by implication an intention to exempt land of a different character."

And the court accordingly concluded that the statutory exemption in respect of real estate was intended to extend only "to the lands or grounds, not to exceed one hundred acres, used by the corporation as a site and campus for said college, and the buildings, halls and dormitories thereon erected."

The jurisdiction of this Court is questioned. But the validity of the general taxing act of the State, said to be subsequent to the incorporation, was challenged below upon the ground that if construed to subject the lots in question to taxation, it would impair the obligation of the contract; and under § 344, Title 28, U. S. C., the cause is subject to review here.

While in cases like this "we form our own judgment as to the existence and construction of the alleged contract, and are not concluded by the construction which the state court has placed on the statute that forms such contract, yet we give to that construction the most respectful consideration and it will in general be followed, unless it seems to be plainly erroneous." Also, we think, the rule as to the construction of statutes of exemption from taxation should be applied, and where there is room for reasonable doubt as to total or only partial exemption, the latter alone should be recognized. Great weight attaches to the decision of a state court regarding questions of taxation or exemption therefrom under the constitution or laws of its own State. *Jetton* v. *University of the South,* 208 U. S. 489, 499. *Chicago Theological Seminary* v. *Illinois,* 188 U. S. 662, 674.

Applying the doctrine approved by the cases cited, we accept the interpretation placed upon the Act of incorporation by the Supreme Court of the State and affirm the challenged judgment.

*Affirmed.*