GULFPORT BUILDING & LOAN ASS'N *v.* CITY OF GULFPORT.

(Division B.   Nov. 25, 1929.)

[124 So. 658.   No. 28204.]

Gardner, Brown & Backstrom, of Gulfport, for appellants.

Heiss & Heiss, of Gulfport, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action against appellee in the circuit court of Harrison county, to recover of the latter the sum of five hundred dollars, being the aggregate of several years' privilege taxes paid by appellant to appellee for the privilege of conducting a building and loan business in the city of Gulfport. Appellee demurred to appellant's declaration, which demurrer was by the court sustained, and the action dismissed. From that judgment, appellant prosecutes this appeal.

The declaration, leaving out the formal parts, follows:

"Now comes the Gulfport Building & Loan Association, a corporation organized and existing under the laws of the state of Mississippi with its domicile in Gulfport, Harrison county, Mississippi, and complains of the city

of Gulfport, a municipal corporation organized and exsisting under the general laws of the state of Mississippi governing municipalities, with its domicile in Harrison county, Mississippi, Joseph W. Milner, Miss Florence Cassibry, and George Odom, Mayor and Commissioners respectively of said municipality and resident citizens of Harrison county, Mississippi, and for cause of action would show unto the court the following facts, to-wit:

"That on and prior to May 1, 1924, the Gulfport Building & Loan Association, plaintiff herein, was engaged in the business of making loans in Gulfport, Harrison county, Mississippi. That for the purpose and privilege of doing business it had secured a privilege tax license from the auditor of the state of Mississippi, as required by section 6484 of Hemingway's 1917 Code. That it has paid all taxes duly levied and assessed against it, and has paid all privilege taxes required under said section to be paid to the state of Mississippi. That the said privilege taxes due the state of Mississippi have been paid each year as required by said section from the date of organization in 1912 to date.

"Plaintiff would show that on May 31, 1923, that it paid to the city of Gulfport the sum of seventy-five dollars for privilege tax license, said license being signed by Miss Florence Cassibry, tax collector and numbered 7531, a copy of said receipt is hereto attached, marked 'Exhibit A' and made a part of this declaration. That on May 26, 1924, the plaintiff paid to the defendant the sum of seventy-five dollars for privilege taxes under tax receipt No. 119, which said receipt was signed by Miss Florence Cassibry, tax collector, a copy of same is hereto attached, marked 'Exhibit B' and made a part of this declaration. That on May 30, 1925, plaintiff paid to the defendant the sum of seventy-five dollars for privilege taxes, as will be shown by tax receipt No. 1048, signed by Miss Florence Cassibry, tax collector, a copy

of which is marked 'Exhibit C,' hereto attached and made a part of this declaration. On May 31, 1926, the plaintiff paid to the defendant the sum of seventy-five dollars for privilege taxes under tax receipt No. 40, a copy of said receipt being hereto attached, marked 'Exhibit D.' That on May 24, 1927, plaintiff paid to the defendant the sum of one hundred dollars for privilege taxes, as shown by tax receipt No. 930 signed by Miss Florence Cassibry, tax collector, a copy of which is attached hereto, marked 'Exhibit E,' and made a part of this declaration. That on May 31, 1928, under tax receipt No. 1775 plaintiff herein paid to the defendant the sum of one hundred dollars for privilege taxes, as shown by copy of tax receipt hereto attached, marked 'Exhibit F,' and made a part of this declaration.

"Plaintiff would show unto the court that it was not liable for city privilege taxes for said year or any of them for the reason that it paid a privilege tax to the state of Mississippi for each of said years as required by section 7608 of Hemingway's 1927 Code, which said privilege tax so paid to the state was in lieu of all other city, county, or state taxes except taxes on real estate.

"Plaintiff avers and would show unto the court that it has paid all of the privilege taxes and ad valorem taxes lawfully assessed against it since its organization to the present date.

"Plaintiff would show unto the court that on or about August 15, 1928, it ascertained that all of the above taxes had been erroneously paid to the city of Gulfport. Thereafter plaintiff made application to said city for refund for the taxes as paid by it, as required by section 7014 of Hemingway's 1927 Code.

"Plaintiff avers that the mayor and the commissioners of the said municipality refused to refund to it the amounts that it had erroneously paid, and avers that the said mayor and commissioners entered an order up-

on the minutes of the said municipality, at a regular meeting held February 7, 1929, denying and disallowing the claim of plaintiff.

"Wherefore, under sections 5983, 6980, 6981, 6983, and 6484 of Hemingway's 1917 Code, and section 7014 of Hemingway's 1927 Code, an action hath accrued in favor of plaintiff against the defendant and plaintiff brings this its suit and demands judgment of and from plaintiff for the sum of five hundred dollars together with interest at the rate of ——— per cent per annum together with all costs."

The exhibits attached to the declaration are copies of receipts given by appellee to appellant for the privilege taxes paid by the latter to the former for the privilege of carrying on the business of a building and loan association in the city of Gulfport from the 26th day of May, 1924, until May, 1929. The receipts show that for the first four years of that period the tax paid was seventy-five dollars per year, and for the last two years of the period one hundred dollars per year.

The action was brought under section 1 of chapter 273 of the Laws of 1926 (Hemingway's Code of 1927, section 7014), which follows:

"The governing body of all towns, cities and villages is hereby authorized and required to refund erroneously paid privilege tax or ad valorem tax paid such town, city or village. Applicant for such refunds shall submit application to the governing body of such municipality and such claim if found by the governing body to be due, then, the clerk of said municipality shall audit same and the said clerk, after auditing the account shall certify the amounts due said applicant to the mayor of said municipality, who shall cause warrant to be issued on the treasury or depository, of said municipality in favor of the claimant as certified by the clerk. And the said governing body of said municipality is here-

by directed, authorized and required to pay such claims and this regardless of whether such taxes were paid under duress, protest or not.''

Appellant contends that under the privilege tax statute it was exempt from municipal taxes. Section 1, chapter 275, Laws of 1926 (Hemingway's Code of 1927, section 6803), provides as follows:

''All cities or towns be and they are hereby authorized to levy and collect license tax upon, and regulate all callings, trades, professions and occupations conducted, pursued, carried on or operated within the limits of said city or town, the same not to exceed fifty per centum of the state license tax levied upon the same callings, trades and professions: Provided, however, that whenever the penalty attaches under the state law for failure to take out the privilege tax before beginning business, or failing to pay within the month due, that said cities or towns be and they are hereby authorized to collect a penalty equal to the amount of the license in addition thereto.''

It will be observed that this statute provides, in substance, that all cities and towns in this state are authorized to levy and collect license taxes upon all trades, professions and occupations carried on within the limits of such municipalities, not exceeding in amount fifty per centum of the state license tax levied upon the same callings, trades and professions. The statute contains no exemptions. All ''trades, professions and occupations'' are comprehended by its language.

Appellant claims exemption from the tax involved under sections 53, 221, and 234 of chapter 118, Laws of 1926, Hemingway's Code 1927, sections 7608, 7795, and 7808, which are sections of the general Privilege Tax Code of 1926, being chapter 169 of Hemingway's Code of 1927 (sections 7576-7815). Appellant relies specially on this language in the last paragraph of section 53 of

the act (Hemingway's Code of 1927, section 7608):
"And the above tax on building and loan associations shall be in lieu of all other taxes, whether state, county, or municipal (except tax on real estate) shall be made."

Section 221 of the act (Hemingway's Code 1927, section 7795) provides, among other things, that foreign building and loan associations shall pay their privilege taxes direct to the auditor of public accounts.; while domestic building and loan associations are required to pay them to the tax collectors of the counties in which the privilege is exercised. Section 234 of the act (section 7808 of Hemingway's Code of 1927) provides, among other things, that municipalities shall not levy a privilege tax upon building and loan associations, which pay their tax direct to the state, and receive a license from the auditor of public accounts.

The question is whether or not the language in the last paragraph of section 53 of the act (section 7608 of Hemingway's Code of 1927), "and the above tax on building and loan associations shall be in lieu of all other taxes, whether state, county, or municipal (except tax on real estate) shall be made," exempts domestic building and loan associations from municipal privilege taxes. In construing the statute, the principle must be kept in mind that an exemption from taxation will never be presumed, that a tax exemption statute will not be enlarged by construction, since the presumption is that the statute expressly granted all that it intended to grant. An exemption statute is construed strictly against the person claiming the exemption. Bolivar County v. Merck (Miss.), 120 So. 839.

So construing the statute here, we are of opinion that the language of the statute relied on by appellant, quoted above, was intended to exempt building and loan associations alone from ad valorem taxes except on their real estate, and not from privilege taxes by towns and

cities. The language "in lieu of all other taxes" means all other taxes than privilege taxes by such municipalities.

Appellant contends, however, that if the statute is given that construction, it would be condemned by the equality clause of the Fourteenth Amendment to the federal Constitution, because it would amount to a discrimination in favor of foreign building and loan associations as against domestic building and loan associations. Without doubt the statute exempts foreign building and loan associations doing business in this state from all taxes of every kind and character, except the privilege tax paid direct by such associations to the state, while domestic building and loan associations are given no such exemption. It is not necessary to pass on this question, because if the exemption is void the balance of the statute is valid, and the result would be that both foreign and domestic building and loan associations would be subject to the tax.

Appellant further contends that it is entitled to a reversal of the judgment, because the record does not show that the city of Gulfport, by an ordinance provided for by statute, levied the privilege taxes involved on appellant for carrying on its business. We do not think there is any merit in this contention. The declaration in this case bases appellant's right to recovery alone on the allegation that the city of Gulfport was without authority of law to levy the privilege tax. It is a well-established principle that a pleading must be taken most strongly against the pleader. Applying that principle, the allegations of appellant's declaration are to be construed as admitting that, if the privilege tax was authorized by law, it had been legally levied by the city by means of an ordinance adopted as required by the statute.

Affirmed.