JACKSON FERTILIZER CO. *v.* STONE, CHAIRMAN, STATE TAX COMMISSION.

(Division B. June 3, 1935.)

[162 So. 170. No. 31781.]

Green, Green & Jackson, of Jackson, for appellant.

**J. A. Lauderdale**, Assistant Attorney-General, for appellee.

Argued orally by **Garner Green**, for appellant, and by **J. A. Lauderdale**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

The Jackson Fertilizer Company filed suit in the circuit court of Hinds county, where it is domiciled, for the recovery of certain taxes levied upon it by virtue of chapter 90, Laws 1932, as amended by chapter 91, Laws 1932, and by virtue of chapter 119, Laws 1934. It was alleged in the bill that a tax was levied by the tax commission upon the appellant as a manufacturer of fertilizers for sale, and that this tax was improper and unlawful because appellant was exempt from taxes by clauses (c) and (m) of said Laws 1934 (chapter 119, section 4 (c, m).

The amount sued for was one thousand ninety-two dollars and seventy-one cents, with interest from August 24, 1934. The suit was filed on September 5, 1934.

The declaration was demurred to on the grounds that it did not state a cause of action, and because it affirmatively appeared therefrom that the taxes were legally due to the state at the time same were collected.

This demurrer was sustained, and the suit was dismissed, from which this appeal is prosecuted.

Chapter 119, Laws 1934, section 2, which is the same as section 2, chapter 90, Laws 1932, provides that: "There is hereby levied and shall be collected annual privilege taxes, measured by the amount or volume of business done, against the persons, on account of the business activities, and in the amounts to be determined by the application of rates against values, or gross income, or gross proceeds of sales, as the case may be, as follows."

Section 2-b (same as 2-b, chapter 90, Laws 1932), provides that: "Upon every person engaging or continuing

within this state in the business of manufacturing, compounding, or preparing for sale, profit or commercial use, either directly or through the activity of others, in whole or in part, any article or articles, substance or substances, commodity or commodities, the amount of such tax to be equal to the value of the articles, substances, or commodities, manufactured, compounded, or prepared for sale, as shown by the gross proceeds derived from the sale thereof by the manufacturer or person compounding or preparing the same (except as hereinafter provided), multiplied by the respective rates as follows:

· "Manufacturers of brick, drain tile, building tile, sewer pipe, Portland cement and Portland cement products and clay products, one per cent; manufacturers of bottled soft drinks, one per cent; ice factories, one-fourth of one per cent; cotton seed oil mills, one-fourth of one per cent; manufacturers of feed and feed stuffs, one-eighth of one per cent; all other manufacturers on whose gross income a tax is not otherwise levied in this act, one-fourth of one per cent."

Section 2-c (same as section 2-c, chapter 90, Laws 1932), provides: "Upon every person engaging or continuing within this state in the business of selling any tangible property whatsoever, real or personal (not including, however, bonds or other evidence of indebtedness, or stocks), there is likewise hereby levied, and shall be collected, a tax equivalent to two per cent of the gross proceeds of sales of the business."

Section 4 (m), (practically the same as section 4 (c), chapter 90, Laws 1932), provides as follows: "There are, however, exempted from the provisions of this act: . . . (m) Sales of all fertilizers, seeds, boxes and crates used in preparing agricultural products for market."

Section 10 (same as section 10, chapter 90, Laws 1932) provides as follows: "Any person improperly charged with any tax and required to pay the same, may recover

the amount paid, together with interest, in any proper action or suit against the commissioner, and the circuit court of the county in which the taxpayer resides or is located shall have original jurisdiction of any action to recover any tax improperly collected. It shall not be necessary for the taxpayer to protest against the payment of the tax or to make any demand to have the same refunded in order to maintain such suit.''

Section 20, chapter 119, Laws 1934, provides that: ''Nothing in this act shall affect or defeat any claim, assessment, appeal, suit, right or cause of action for taxes due, under the emergency revenue act of 1932, or the revenue act of 1930, prior to the date on which this act becomes effective, whether such assessments, appeal, suit, claim or action shall have been begun before the date on which this act becomes effective, or shall thereafter be begun; and the sections of the emergency revenue act of 1932, or the revenue act of 1930, amended or repealed by this act are expressly continued in full force, effect and operation for the purpose of the assessment and collection of any taxes due under any such laws prior to the date on which this act becomes effective, and for the imposition of any penalties, forfeitures or claims for a failure to comply therewith.''

Section 22, chapter 119, Laws 1934, repeals chapters 90 and 91, Laws 1932.

It will be seen from reading section 2-b of chapter 119, Laws 1934, that the tax levied on the manufacturing of products is levied at a considerably less rate than the taxes levied under section 2-c of that act. It is clear that section 2-b of the act intended to levy a tax upon the business of manufacturing any products for sale under the act, whether sold in the state or without the state. In other words, it was a tax levied upon the manufacturing of products for sale, and it is measured by the gross amount of sales; while under section 2-c, it seems that the tax was levied upon the business of selling the

tangible property therein provided for, and is not to be applied as a tax levied upon the goods sold in interstate commerce. The sections levy different taxes.

It is argued that, inasmuch as the fertilizers were manufactured for sale, and that the manufacturing could not go on without the sales, the appellant is exempt by clause (m) of section 4, chapter 119, Laws 1934. Under section 2-b of said chapter, the tax being on the process of manufacturing, it is not exempt by clause (m) of section 4, because the exemption therein provided is from the sale of fertilizers. The factory does not pay taxes on the sales of fertilizers, but pays upon the manufacturing of fertilizers. It is true the tax is measured by the amount derived from the sales, but that is a permissible method of levying taxes. American Mfg. Co. v. City of St. Louis, 250 U. S. 459, 39 S. Ct. 522, 63 L. Ed. 1084.

As we understand, it is admitted that the tax in the case at bar is properly levied unless it is exempt therefrom by clause (m) of section 4, chapter 119, Laws 1934. It is familiar learning that exemptions from taxation will never be presumed, and that the burden is upon the claimant of exemptions to establish clearly his right to such exemptions. Exemptions are to be strictly construed. Barnes v. Jones, 139 Miss. 675, 103 So. 773, 43 A. L. R. 673; Morris Ice Co. v. Adams, 75 Miss. 410, 22 So. 944; Gulfport Bldg. & Loan Ass'n v. City of Gulfport, 155 Miss. 498, 124 So. 658. See, also, Millsaps College v. City of Jackson, 136 Miss. 795, 101 So. 574, which was affirmed by the Supreme Court of the United States in Millsaps College v. City of Jackson, 275 U. S. 129, 48 S. Ct. 94, 72 L. Ed. 196.

The tax levied became a debt due the state by virtue of section 11, chapter 119, Laws 1934, which is practically the same as section 11, chapter 90, Laws 1932.

It is contended by the appellant that the act of 1934 repealed the act of 1932, and that, in all events, it could not be liable for taxes paid and sued for because of such

repeal. This contention is expressly negatived by section 20, chapter 119, Laws 1934, which expressly saves the right. It will therefore be unnecessary to deal with section 100 of the Constitution upon the power of the Legislature to defeat a recovery, after the debt had become due to the state.

We find no error in the decision of the court below, and the judgment will be affirmed.

Affirmed.