BOARD OF SUPERVISORS OF LEE COUNTY *v.* MID-SOUTH MFG. CO.

(In Banc. April 28, 1941.)

[1 So. (2d) 802. No. 34536.]

**W. D. Conn, Jr.**, Assistant Attorney General, for appellant.

Guy Mitchell, Jr., of Tupelo, for appellee.

Argued orally by **W. D. Conn, Jr.**, for appellant, and by **Guy Mitchell, Jr.**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

The question in this case is whether or not appellee, a garment manufacturing corporation, is entitled to exemption from all ad valorem taxes both state and local for the five-year period beginning the 10th of December, 1938. The board of supervisors granted the exemption. The exemption covered only the machinery and equipment. The appeal is from that order.

The statutes involved are Section 3109 of the Code of 1930, and amendments thereto and Chapter 1, Section 19 of the 1st Extraordinary Session of 1936. The Code section was amended by Chapter 293 of the Laws of 1932, Chapter 159 of the Laws of 1936, and Chapter 76 of the Laws of the Extraordinary Session of 1938. In all the amendments, the exemption from ad valorem taxes except state ad valorem taxes was preserved in substantially the same language as in the Code section. Chapter 1 of the Acts of the First Extraordinary Session of 1936 is known as the "Balance Agriculture with Industry Statute." By Section 19 of that act it was provided among other things, "All new factories and new enterprises of public utility hereafter established under the provisions of this act or otherwise hereafter established as hereinafter enumerated shall be exempt from all ad valorem taxation on tangible property used in or necessary to the operation of the service or industry hereinafter named, but not upon the products thereof, for a period of five (5) years." By its own language this act was limited in its operation to April 1, 1940. It was adopted according to its terms to provide relief from an economic emergency.

This, therefore, was the situation; in the latter part of 1938, when the garment factory was organized and exempted by order of the board of supervisors from all ad valorem taxes, there stood on the one hand the B.A.W.I. statute expressly authorizing such exemption, while on the other hand there stood Section 3109 of the Code of 1930 and amendments thereto which extended the exemption to local ad valorem taxes, but not state ad valorem taxes. Manifestly, the Code section and amendments were intended to express the permanent policy of the State, while the B.A.W.I. statute was intended to express only a temporary policy. Construing them together, we are of opinion that the Legislature intended by the latter statute while in force that the exemption therein provided should extend to corporations chartered and organized during that period under any other statutes as well as those organized under that statute, and that when the B.A.W.I. statute expired by limitation the Code section and amendments should control in the future. In other words, the Legislature intended that there should be no discrimination in favor of the B.A.W.I. corporations against others organized while that statute was in force. The committee amendment which was adopted to Section 19 of the B.A.W.I. act while that act was pending in the House supports this construction. This amendment is shown at page 810 of the House Journal of the First Extraordinary Session of 1936. It is in this language: "Committee Amendment No. 33: Amend Section 19 by inserting after the word 'act' in line two thereof the words 'or otherwise hereafter established as hereinafter enumerated.' "

This question was not discussed in Meador v. Mac-Smith Garment Co., 188 Miss. 98, 191 So. 129, but it was necessarily involved, for if the construction we are placing on these statutes is not the correct one, that case should have been decided contrary to the way it was.

Affirmed.

DISSENTING OPINION.

**Roberds, J.,** delivered a dissenting opinion.

I cannot agree that appellee corporation is exempt from state ad valorem taxes. It was not established under the ''Balance Agriculture with Industry Statute.'' It was incorporated December 10th, 1938, under the general incorporated laws of the State, and was established after chapter 76, Extraordinary Session of 1938, which became effective August 20, 1938; and that act expressly states that such enterprises are not exempt from state ad valorem taxes.

The factory in the Meador case was established as a new enterprise in December, 1936, after the enactment of chapter 1, Laws First Extraordinary Session 1936, which superseded chapter 159, General Laws 1936. The taxes involved in the Meador case were for 1937, and therefore governed by chapter 1, First Extraordinary 1936. Chapter 76, Extraordinary Session 1938, conflicts with, and therefore supersedes, chapter 1, First Extraordinary Session of 1936.

''It is familiar learning that exemptions from taxation will never be presumed, and that the burden is upon the claimant of exemptions to establish clearly his right to such exemptions. Exemptions are to be strictly construed.'' Jackson Fertilizer Company v. Stone, 173 Miss. 183, 162 So. 170, 172; Barnes v. Jones, 139 Miss. 675, 103 So. 773, 43 A. L. R. 673; Morris Ice Co. v. Adams, 75 Miss. 410, 22 So. 944; Gulfport Bldg. & Loan Ass'n v. City of Gulfport, 155 Miss. 498, 124 So. 658; Millsaps College v. City of Jackson, 136 Miss. 795, 101 So. 574, Id., 275 U. S. 129, 48 S. Ct. 94, 72 L. Ed. 196.

**Smith, C. J.,** concurs in this opinion.