(No. 4848. April 26, 1928.)

INDEPENDENT SCHOOL DISTRICT No. 1, BEAR LAKE COUNTY, IDAHO, Appellant, v. E. W. PORTER, Commissioner of Finance, State of Idaho, Respondent.

In the Matter of the Liquidation of THE BANK OF MONTPELIER by the Commissioner of Finance of the State of Idaho Under the Provisions of Chapter 42 of the 1921 Session Laws.

[266 Pac. 1098.]

Holden & Coffin and Geraint Humphereys, for Appellant.

Jones, Pomeroy & Jones, for Respondent.

WM. E. LEE, C. J.—At the close of business on August 11, 1924, the Bank of Montpelier suspended payment and was taken over by the commissioner of finance for liquidation. When the bank closed its doors there was on deposit in the name of Harold B. Hull, as treasurer of the school district, the sum of $9,783.48. The school district filed its claim to have its deposit allowed as a trust fund under subd. 2, sec. 13, chap. 42, of the Laws of 1921. The commissioner allowed the claim under subd. 3 thereof. From such allowance an appeal was prosecuted to the district court. A separate action was also prosecuted in the dis-

152

trict court to have the amount of the district's deposit adjudged a trust fund and set off against certain warrants of the district in the hands of the bank. The causes were consolidated and tried together. From a judgment affirming the classification of the commissioner this appeal has been taken.

A careful consideration of the allegations contained in the verified application for the allowance of the claim, together with the stipulation, the exhibits and oral evidence, has convinced us that the trial court was amply justified in finding that the moneys were deposited and held in the bank in an open checking account; and that, by such deposit, the moneys became the property of the bank and were not held in trust for the district. Under the facts, the court properly classified the district's claim under subd. 3 as a debt due a depositor, such subdivision of the statute providing that:

" . . . . All deposits of public funds of every kind or character (except those actually placed on special deposit under statutes providing therefor), including those of the United States, the State of Idaho, and every county, district, municipality, political subdivision or public corporation, of this state, whether secured or unsecured, or whether deposited in violation of law or otherwise, are included within the terms of this subdivision and take the same priority as debts due any other depositor; anything in the statutes of the State of Idaho to the contrary notwithstanding."

Under sec. 13, chap. 42, of the Laws of 1921, an offset is not allowed. (*Brown v. Porter*, 42 Ida. 295, 245 Pac. 398.)

Judgment affirmed. Costs to respondent.

Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.