F. M. BROWN, Plaintiff, v. E. W. PORTER, Commissioner of the Department of Finance of the State of Idaho, Defendant.

[245 Pac. 398.]

RIGHT OF DEPOSITOR IN INSOLVENT BANK TO OFFSET DEPOSIT AGAINST INDEBTEDNESS TO BANK—DISCRETION OF COMMISSIONER OF DEPARTMENT OF FINANCE.

1. Right of set-off is creature of statute.

2. Under C. S., secs. 6694–6697, right of set-off exists except where denied or limited.

3. Under Laws 1925, chap. 133, specifically repealing Laws 1921, chap. 42, which by section 13 deprived depositors in bank in possession of commissioner of prior right of offset of deposits, and by section 77, providing that deposits may be offset against any indebtedness, except assessments on stock, and giving the commissioner discretion to apply dividends declared in favor of creditor on any indebtedness to bank, right of offset of deposit is absolute, and not subject to discretion of commissioner.

Publisher's Note.
1. See 24 R. C. L. 799.
3. See 3 R. C. L. 529.

See Banks and Banking, 7 C. J., sec. 350, p. 652, n. 79, 80.
Recoupment, Set-off and Counterclaim, 34 Cyc., p. 626, n. 18; p. 627, n. 26; p. 628, n. 27; p. 633, n. 58.

Original proceeding for writ of mandate. Writ *issued.*

T. A. Walters, for Plaintiff.

When a bank becomes insolvent, unless there is a statute to the contrary, a depositor may set off his deposit against his liability as maker of a note held by the bank. (*Scott v. Armstrong,* 146 U. S. 499, 13 Sup. Ct. 148, 36 L. ed. 1059; *Williams v. Frank Levy, Inc.,* 152 N. Y. Supp. 454; 1 Morse on Banks and Banking, sec. 338, p. 632; 3 Michie, Banks & Banking, sec. 286, p. 2126; *Colton v. Drovers' Perpetual Bldg. & Loan Assn.,* 90 Md. 85, 78 Am. St. 437, 45 Atl. 23, 46 L. R. A. 388; *Thompson v. Union Trust Co.,* 130 Mich. 508, 97 Am. St. 494, 90 N. W. 294.)

Scatterday & Stone, for Defendant.

Words and phrases are construed according to the context and the approved usage of the language. (C. S., sec. 9455; *Adams v. Lansdon,* 18 Ida. 483, 110 Pac. 280; *In re Bossner,* 18 Ida. 519, 110 Pac. 502.)

Frank T. Wyman, *Amicus Curiae.*

TAYLOR, J.—The plaintiff petitions for a writ of mandate to compel defendant commissioner of finance to offset his deposit in the Western Commercial Bank, now in course of liquidation by the commissioner, against indebtedness due from plaintiff to the bank.

The complaint alleges the insolvency of the bank on December 23, 1925. At that time, plaintiff had on general deposit therein $6,532.07, and owed the bank the sum of $3,600 on two promissory notes, both past due. Defendant has refused to allow an offset. The action is prosecuted by plaintiff for and on behalf of himself and others similarly situated. No question is raised as to this being the appropriate remedy. Defendant appears by general demurrer to the petition, but raises only the point of the right of plaintiff to an offset under the law. The rights of many other

depositors are shown to be in question, sufficient to justify the procedure.

The only matter necessary to determine is the construction to be given to the last paragraph of Sess. Laws 1925, c. 133, sec. 77, known as the "Bank Act," as follows:

"Deposits of any person, firm or corporation in a bank which is in the possession of the Commissioner, may be offset against any indebtedness (subject to the conditions of the preceding paragraph of this section), except assessments on stock, due to such bank from such person, firm or corporation. All dividends when declared in favor of any creditor of the bank may be applied, in the discretion of the Commissioner, in satisfaction of the indebtedness, if any, due the bank from such creditor."

The conditions referred to in parentheses are not involved herein.

Defendant contends that the provision quoted above gives him the discretion to allow or refuse to allow the offset claimed. Plaintiff contends, first, that the right of offset is given to the depositor, and, second, that if it is the right of the commissioner to offset, "may" should be construed as mandatory and to have been used as "must." In our view, it will be unnecessary to pass upon the second contention.

[1] At common law, a right of set-off did not exist. It is a creature of statute. (34 Cyc. 626; 24 R. C. L. 801.) Equity early exercised the power to compel a set-off of debts. (34 Cyc. 633; 24 R. C. L. 803.) The statutes upon the subject have been the outgrowth of this condition, passed to provide a remedy at law.

"In England, by 2 Geo. II, c. 22, made perpetual by 8 Geo. II, c. 24, sec. 4, defendant was allowed, in cases of mutual debt, to set off his claim against plaintiff's by pleading it in bar, or by giving it in evidence, when proper notice had been given of such intention, under the general issue; and this statute with slight modifications has been substantially adopted in a majority of the United States." (34 Cyc. 627, 628.)

[2]   Our own statutes (C. S., secs. 6694–6697) are the result of this trend of legislation. Thus, the right of offset exists in Idaho, except where denied or limited. Defendant argues that the right of offset did not exist prior to the act of 1925; that it was denied by the act of 1921; and that it is thus "created" by the act of 1925. Prior to 1921, offsets of deposits were allowed against debts of the depositor due to the bank, in accordance with the great weight of authority throughout this country. In the enactment of the provisions of Sess. Laws 1921, c. 42, Idaho departed from the great majority of states in depriving depositors of that right. This right is universally recognized in federal courts as to national banks, and in most of the states. (3 Michie on Banks & Banking, sec. 286 (3), p. 2126; 1 Morse on Banks & Banking, 5th ed., sec. 338, p. 632; 7 C. J., p. 652, sec. 350; *Hammons v. Grant,* 26 Ariz. 344, 225 Pac. 485; *Scott v. Armstrong,* 146 U. S. 499, 13 Sup. Ct. 148, 36 L. ed., 1059.)

The "Bank Act" specifically repealed Sess. Laws 1921, c. 42, the last paragraph of section 13 of which provided:

"Obligations due from any person, firm or corporation to any bank or trust company which is in the possession of the Commissioner, and all assessments on stock shall be paid in full and without offset on account of any indebtedness due from the bank or trust company to such person, firm or corporation, or stockholder, on account of deposits or otherwise, but all dividends when declared in favor of any creditor of the bank or trust company, may be applied, in the discretion of the Commissioner, in satisfaction of the indebtedness, if any, due the bank by such creditor."

[3]   It will be noted that the second sentence of the last paragraph of section 77 of the "Bank Act" gives the commissioner discretion to apply dividends. This would imply that he has no discretion under the first sentence as to deposits.

An outright repeal of Sess. Laws 1921, c. 42, would have entitled plaintiff to offset his deposit against his indebtedness due the bank under C. S., secs. 6694–6697. In the absence of any exception in the act of 1925, he would have that right.

"It is well settled that an exception in a statute amounts to an affirmation of the application of its provisions to all other cases not excepted and excludes all other exceptions. . . . . The exception of a particular thing from the operation of the general words of a statute shows that in the opinion of the lawmaker, the thing excepted would be within the general words, had not the exception been made." (25 R. C. L., p. 983, sec. 230.)

The proper construction and logical intention of the legislature, in the adoption of the exception, recognizes the right of offset in the depositor "except (as against) assessments on stock," and the word "may" does not have reference to the commissioner, or any permissive or mandatory duty of his.

Let the writ issue.

William A. Lee, C. J., and Givens, J., concur.

Wm. E. Lee, J., dissents.

BUDGE, J., Dissenting.—Without discussing sec. 77, c. 133, Sess. Laws 1925, pp. 224, 225, I am of the opinion that plaintiff's remedy, if he has one, is not by writ of mandate under the facts as alleged in his petition for the writ; neither am I of the opinion that the petition states facts sufficient to warrant the issuance of the writ. But I am of the view that the legislature, by enacting c. 133, known as the Bank Act, Sess. Laws 1925, pp. 190–235 (which act defines and regulates banking in all of its various phases, including the management and liquidation of insolvent and failing banks, and prescribing a full and complete statutory procedure), has provided a plain, speedy and adequate remedy at law for the asserting and adjustment of rights of debtors and creditors in the liquidation of banks by the commissioner of finance. Hence, plaintiff is not entitled to the extraordinary writ of mandate and should be required to resort to the statutory procedure provided for, which is expeditious and adequate.