## In re CENTRAL STATES FREIGHT CORPORATION.

### FRUEHAUF TRAILER CO. v. UNITED STATES TRUST CO.

#### No. 5571.

Circuit Court of Appeals, Sixth Circuit.

Nov. 10, 1930.

Gaylord N. Bebout, of Detroit, Mich. (Welsh, Bebout, Hill & Lee, of Detroit, Mich., on the brief), for appellant.

Paul R. Dailey, of Detroit, Mich., for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKS, Circuit Judge.

On February 28, 1928, appellant, Fruehauf Trailer Company, engaged in the manufacture of trailer equipment, took a chattel mortgage from the Central States Freight Corporation upon 104 trailers to secure the sum of $130,640, balance due upon the price of the trailers. On July 30, 1928, appellant took another chattel mortgage upon 10 trailers to secure the sum of $16,565.21. These mortgages were filed in the office of the city clerk of Detroit on March 9, 1928, and August 11, 1928, respectively, but were never filed elsewhere. At the time of bankruptcy of the freight corporation, there was due upon the mortgages the sums of $116,530.32 and $15,795.03, respectively. Appellant sought

to reclaim the trailers. The trustee resisted the petition upon the ground that copies of the mortgages had not been filed with the register of deeds of each county through which the lines or property of the bankrupt passed, in accordance with their construction of the proviso to section 11988 of the Michigan Compiled Laws of 1915 as amended by Act No. 66 of the Public Acts of 1925.[1] (Italics used in note are ours.)

The bankrupt was, at and long prior to the time of bankruptcy, engaged in the transportation of freight by motor trucks and trailers over two separate highways between Detroit and Chicago. One of these highways, U. S. 112, after leaving Wayne county in which Detroit is located, passed through five cities and four counties in Michigan. The other after leaving Wayne county passed through nine cities and six counties in that state. The trailers were used interchangeably over these two routes.

The referee granted the reclamation. The District Judge denied it. We think it should have been granted.

The Supreme Court of Michigan has not interpreted this proviso, but obviously it was intended (1) to make certain and effective the filing of chattel mortgages upon property of certain public service corporations operating beyond county lines; and (2) to minimize the difficulty of inquiry as to whether such property of such corporation is incumbered. We think that the words "lines" and "property" as used in the proviso are convertible terms, that either word denotes the other, and that the lines and property of the corporations concerned are co-extensive and co-existent. This is indubitably so as to corporations conveying electricity, gas, telephonic or telegraphic communications. Their pipe lines, power lines, poles, wires, and cables are at once both their property and their lines. The disjunctive "or" does not of necessity war with this view. Arthur v. Cumming et al., 91 U. S. 362, 364, 23 L. Ed. 438. There Justice Swayne, dealing with this conjunction, said: "The researches of the counsel for the defendants in error have brought to our attention many instances in which two phrases with the like conjunction between them have been used to designate the same thing. In those cases it was obviously done to make clear and certain the meaning of the legislature, and to leave no room for doubt upon the subject." It was important that chattel mortgages should be filed in the proper office, and the two words were used in explanation of each other in order that no uncertainty should exist touching this vital matter. It is clear that as applicable to corporations conveying electricity, gas, or telephonic or telegraphic communications the phrase "of each county through which the lines or property thereof passes" simply means of each county across which the lines of the corporations as indicated by their physical property extend as does a road or right of way. In this connection the word "passes" does not indicate movement in the sense that a vehicle moves. Such corporations have no rolling stock. The word being easily understood when used in connection with such corporations should be given the same meaning in relation to the other corporations mentioned in the proviso, to wit, "corporations engaged in transporting passengers and freight." The word is used only once in the proviso and in the same relationship to all corporations mentioned, and can and should be given a single meaning, and we therefore conclude that as to carriers of freight and passengers the phrase "of each county through which the lines or property thereof passes" merely means the location of their lines through a county or counties as delineated by their rights of way, track, roadbed, and other fixed property. To say that as applied to carrier corporations the phrase means the successive and periodical movements of rolling stock over a definite route is not only to unnecessarily oppose the consistent view just taken but to adopt a meaning entirely out of harmony with the clear meaning of the phrase as applicable to all other corporations mentioned in the statute. This violates a simple rule of construction. Alexander v. Worth-

---

[1] "Sec. 10. *Every mortgage* or conveyance intended to operate as a mortgage of *goods and chattels* which shall hereafter be made which shall not be accompanied by an immediate delivery and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers or mortgagees in good faith, unless the mortgage or a true copy thereof *shall be filed in the office of the township clerk of the township, or city clerk of the city,* or city recorder of cities having no officer known as city clerk, *where the goods or chattels are located,* and *also where the mortgagor resides,* except when the mortgagor is a non-resident of the state, when the mortgage or a true copy thereof shall be filed in the office of the township clerk of the township, or city clerk of the city, or city recorder of cities having no officer known as city clerk, where the property is. * * * Provided, *That in case of corporations engaged in transporting passengers or freight, or conveying electricity or gas or telephonic or telegraphic communications, all that is or shall be required is the filing of the copy of such mortgage with the register of deeds of each county through which the lines or property thereof passes, and such mortgages shall not require any affidavit of renewal.*"

ington, 5 Md. 471, 475. In the construction of a statute it is the duty of the court, if possible, to produce a harmonious and consistent result. City of Grand Rapids v. Crocker, 219 Mich. 178, 183, 189 N. W. 221.

It occurs to us that the only viewpoint upon which the bankrupt can be brought within the proviso in question is that the highways over which it operated were its property or lines in the sense of ownership, possession, or control, as of a railroad right of way or track, or as of lines and wires. The District Judge thought otherwise. He said: "The word 'line' according to the interpretation by numerous authorities, includes, among others, a course in which anything proceeds, a route; also, a transportation system operating any route under one management." He seems not to have associated the word with the idea of corporeal property. As an abstract proposition the lexicographers will approve the definition but we are dealing with the term "lines" as it is found, not in the dictionary, but in the statute, and we must see to it that effect is given to every word, clause, and sentence found therein. Ex parte Public Bank, 278 U. S. 101, 104, 49 S. Ct. 43, 73 L. Ed. 202; Crooks v. Harrelson, 35 F.(2d) 416, 418 (C. C. A. 8). In its setting, considering the context, the term as herein indicated is clothed with the characteristics of privately owned physical property extending between and connecting given points and applying this test the highway marked the bankrupt's route but not its line. The corporation could exercise no property rights over the highway except the common right of travel. It could neither repair, improve, extend, nor relocate the highway. It in fact enjoyed no such control over the highway as usually characterizes public carriers in the use of their service lines. Upon the other hand, the state of Michigan burdens by many restrictions the use by such carrier of motor trucks and trailers upon its roads. Michigan Laws, Public Acts 1923, No. 209, page 326.

Again, we think that the interpretation of the proviso sought by appellee would hinder rather than promote the purposes of the statute. The record fails to show that there was any sign, mark, or insignia either upon the rolling stock of the bankrupt or upon the highway to indicate any joint connection and one would get little assistance from such a source in an inquiry for the proper place to register his chattel mortgage upon the property of such carrier or to determine whether such property was already incumbered.

Without further discussion we unhesitatingly conclude that within the contemplation of the statute and the proviso in question the bankrupt had no such line or property passing through any Michigan county which required that copies of its chattel mortgages should be filed with any county register. We are reassured of the soundness of this result by the thought that it awards the benefit of the securities in question to the party equitably entitled thereto.

The decree of the District Court is reversed, with directions to sustain the reclamation petition and to award appropriate relief thereunder.