W. W. MITCHELL, CHAIRMAN; C. M. BLAYLOCK, GEORGE M. TROSTEL, MRS. J. H. KIRKPATRICK, AND MRS. C. F. RHINEHART, TRUSTEES OF CANTON GRADED SCHOOL DISTRICT, v. THE BOARD OF EDUCATION OF HAYWOOD COUNTY, A BODY CORPORATE; G. C. PLOTT, CHAIRMAN; H. A. OSBORNE AND J. H. HAYNES, MEMBERS.

(Filed 15 June, 1931.)

**Schools and School Districts D c—Title to certain property not used for school purposes by enlarged district held to remain in county board.**

Where under the provisions of N. C. Code of 1927 (Michie), sec. 5490(1), several school districts have been included in an enlarged district, and certain property in the former districts is not necessary to be used for school purposes in the enlarged district because of new consolidated schools therein, and the trustees of the enlarged district have not assumed any debt on such property: *Held,* under the express provisions of the statute the title to such property remains in the county board of education, the statute providing that the county board should execute a deed to the trustees of the district for all school property in the district

"except property maintained by the county for other district purposes, the debt for which property has not been assumed by the new district," and the provisions of the exception, being clear and unambiguous, must be given effect.

APPEAL by plaintiffs from *Moore, J.,* heard at Chambers 18 March, 1931, at Robbinsville, Graham County. From HAYWOOD. Affirmed.

The judgment, based upon an agreed case, in the court below, is as follows: "This cause coming on to be heard, and being heard before his Honor, Walter E. Moore, resident judge of the Twentieth Judicial District, at his Chambers in Robbinsville, Graham County, N. C., on 18 March, 1931, and upon an agreed case, the same being submitted pursuant to section 626, C. S. of North Carolina; and it appearing to the court and the court finds as a fact from the case agreed that there is a real controversy between the plaintiffs and defendants which should be judicially determined, and the court further finds from the case agreed that the Canton Graded School District was originally a Special Charter District, and that the district was originally coterminous, with the corporate limits of the town of Canton, and that an election was held in the territory now constituting the Canton Graded School District, for the enlargement of said district and for the purpose of issuing bonds, and assuming certain bonded indebtedness of the original Canton Graded School District and the indebtedness of the Patton District which is now included in the enlarged district, and that the election was duly carried and that the newly created and enlarged district assumed the indebtedness of the old Canton Special Charter District, and the indebtedness of the Patton District which is now embraced by the enlarged district, and that there was no indebtedness on the other district that are now included in the enlarged district, and that the trustees of the enlarged district issued bonds and erected a Central High School building for said district, and two other buildings for the lower grades; and that the districts known as Austin's Chapel, Beaverdam, North Hominy, Dutch Cove and Noah's Chapel were used for school purposes by the county until the end of the school year 1929-1930; and that the Thickety School property was used for school purposes up to and including the school year 1930-1931. And it further appearing to the court that the county board of education of Haywood County has already conveyed by deed to the trustees of Canton Graded School District as enlarged, all the said property on which is located any building now being used for school purposes in said enlarged district, but have not conveyed the property in controversy in this action. The court being of the opinion that under section 5490(1) of the Consolidated Statutes that upon the consolidation and enlargement of said school district that the title to all the school property in said district,

both real and personal, that was not used by the new district, remained the property of the county board of education of Haywood County, and that the title to said property did not vest in the trustees of said new district. It is therefore considered, ordered and adjudged and decreed that the school property real and personal described in the agreed case as Thickety, Austin's Chapel, Beaverdam, North Hominy, Dutch Cove and Noah's Chapel, is the property of the board of education of Haywood County, and that the said board of education of Haywood County has the right and authority to sell and convey said land in fee simple, and it is further ordered and adjudged that the trustees of the new district have no interest in said property as described in the agreed case. That the plaintiffs pay the cost of the action to be taxed by the clerk."

The only exception and assignment of error is to the signing of the judgment. The necessary facts will be considered in the opinion.

*S. M. Robinson* for *plaintiff.*
*Grover C. Davis* for *defendant.*

CLARKSON, J. The question involved in this appeal: Does the title to the school property owned by the board of education of Haywood County pass to the trustees of the New Enlarged Special School District under section 5490(1), N. C. Code, 1927, Anno. (Michie), Public Laws 1924, ch. 131, sec. 12, when the district has been enlarged and the trustees of the said new district have sufficient property turned over to it for its new school purpose and elect not to use the six pieces of property in controversy owned by the board of education of Haywood in said new district for school purposes as soon as said trustees could officially act as trustees of the said new district. Who owns the six lots of land described in the agreed case? We think the board of education of Haywood County.

N. C. Code, 1927, Anno. (Michie), sec. 5490(a), Public Laws N. C., 1924, ch. 131, sec. 1, is as follows: "It shall be lawful to create school districts, whether the same be enlargements of existing school districts or not, in the manner provided by this article." In subsequent sections the procedure is provided for. In creating the new enlarged school district the statute has been complied with, but this controversy involves a construction of a section of the statute since the district has been created.

The fee simple to the six pieces of land in controversy is in the board of education of Haywood County. The board of education has conveyed to the trustees of the new enlarged Special Charter School District all land necessary on which is located the new school buildings. The facts show that the trustees of the new enlarged Special Charter School District are not now using the six pieces of property in controversy, and

"do not deem it necessary to use said property hereafter for public school purposes." These six pieces before the creation of the new district were used for school purposes.

The statute above mentioned (Michie, *supra,* sec. 5490(1), is as follows: "When the new district shall come into existence as hereinbefore provided, all school property, real and personal within the same, *except property maintained by the county for other than district purposes, the debt for which property has not been assumed by the new district* shall automatically pass in the case of a new special charter district to the board of trustees thereof, and in the case of a local tax district, to the county board of education for the use of the district, but it shall nevertheless be the duty of all boards and bodies holding any such property to convey the same formally by deed and other proper conveyance and every such deed shall be promptly recorded."

The statute is not clear, and if the exception was not in it *"except property maintained by the county for other than district purposes, the debt for which property has not been assumed by the new district,"* etc., there would be no question that this statutory transfer could be made for another public purpose—the new enlarged Special Charter School District. *Greensboro v. Simpson,* 188 N. C., 737.

The new district has come into existence, and the board of trustees of the new enlarged district have had all the land transferred to it within the same by the board of education needed for its present school purposes, except the property in controversy—some six pieces former school districts—that had theretofore been maintained by the county board of education, and is not now needed for the enlarged Special Charter School District purposes. We think it remains the property of the board of education. The only assumption of debt was that of the Canton Special Charter District and the Patton District. No debts were assumed by the new enlarged Special Charter School District on the six pieces of property in controversy. The plaintiffs contend that the above construction would be unfair, to the new enlarged Special Charter School District, as it carried the burden, but does not get the benefits of the proceeds of the sale of these six pieces of property to aid in this consolidation, which it is the manifest intention of the General Assembly to encourage. We cannot construe the exception ambiguous and meaningless, when a reasonable construction can be given it, although it may work a hardship. The judgment below is

Affirmed.