JOHNSON CITY TRACTION CORPORATION, COMPLAINANT, AP-
PELLANT, *v.* EARL W. SELLS, *et al.*, DEFENDANTS, AP-
PELLEES.

(*Knoxville*, September Term, 1931.)

Opinion filed December 21, 1931.

Cox, Taylor & Epps, for complainant, appellant.

Nat Tipton, Assistant Attorney-General, for defendants, appellees.

Mr. Justice Swiggart delivered the opinion of the Court.

The Traction Corporation instituted this suit to recover money paid by it under protest as a privilege tax for the operation of motor busses. The chancellor sustained a demurrer to the bill, and from his decree dismissing the suit the Traction Corporation has appealed. The brief description contained in the bill of the business operated by the complainant is that it operates five "street car busses" wholly within the municipality of the City of Johnson City, using the streets of the City of Johnson City exclusively, and at no time going outside its corporate limits. The briefs make it clear that

the "street car busses" referred to in the bill are of the type ordinarily known as automobile busses.

■ · The single assignment of error is that the chancellor should have construed the applicable provisions of the Revenue Act of 1927, chapter 89, section 4, as not applying to busses operating wholly within the corporate limits of a single municipality.

Section 4 of the Revenue Act above cited contains the introductory paragraph: "That each vocation, occupation and business hereinafter named in this section, is hereby declared to be a privilege, and the rate of taxes on such privileges shall be as hereinafter fixed," etc. Automobile busses are classified for privilege taxation into three divisions, those operated through more than one county, those operated exclusively in one county, and those operated "upon the highways of this State and running into other states." The tax here involved is that levied on busses operated exclusively in one county.

The tax is levied on the privilege of "operating an automobile bus and carrying passengers from one point in one county to another point in the same county on regular or fixed routes." This tax so levied is declared to be in lieu of all county and municipal taxes, accruing entirely to the general fund of the State, except that an equal division is made with the county in cases in which the bus taxed is operated for the greater part of its mileage on highways maintained by the county. An exception to the tax is stated in the following language:

"Provided, further, that this section shall not apply to persons, firms or corporations who operate a car of not more than 5 passenger seating capacity on a route outside a city or town not exceeding five miles, nor persons, firms or corporations making not over two round

trips per day with a car of not over 5 passenger seating capacity."

It is contended for the Traction Corporation that the tax in question was levied as a charge for the privilege of using highways constructed and maintained at the expense of the State, and therefore was not intended to apply to busses operated exclusively on city streets; that this legislative intent is clearly shown by the provision for a division of the proceeds of the tax with the county, when use of county maintained roads is mainly productive of the tax, while no provision is made for a division of the proceeds of the tax with a municipal government in any event. It is argued that the exclusion of a municipality from any share in the tax would be unfair, if the tax is to be imposed upon busses operated within a city, and that the General Assembly would not have been guilty of such discrimination against the municipalities in the State.

This argument is plausible, but we have been unable to give to the Revenue Act a construction in conformity with it.

It is not contended on the brief of the appellant that the language of the Act which levies the tax, describing the busses to be taxed, is not sufficient to include busses operated exclusively within a city.

We do not think that the tax can be construed as merely a charge by the State for the use of its highways. In that division of the Act which applies to automobile busses running into other states the busses taxed are expressly limited to those operated "upon the highways of this State." We undertook, in *Interstate Transit, Inc.,* v. *Lindsey,* 161 Tenn., 56, 29 S. W. (2d) 257, to relate this tax on interstate busses to the use by them of the State highways. However, the Su-

preme Court of the United States, on the appeal of interstate Transit, Incorporated, declined to follow this theory of the tax, and held that it "was not exacted for such purposes, but merely as a privilege tax on the carrying on of interstate business." *Interstate Transit, Inc.,* v. *Lindsey,* 283 U. S., 183, 189, 75 L. Ed., 953, 971.

It will be noted that the tax now under consideration is not limited to busses "operating upon the highways of this State," as in the case of the tax on interstate busses.

■ Referring particularly to the clause hereinabove quoted, expressly excluding from the tax cars of not more than five-passenger capacity when operated on a route outside a city or town not exceeding five miles, etc., the State relies upon the well recognized rule of statutory construction that the express enumeration of exceptions excludes other or implied exceptions to the general rule of the statute. This rule was applied by this Court in *Sheely* v. *McLemore,* 153 Tenn., 498, 502, with the statement: "When exceptions are expressed, the conclusion follows that no other exceptions were intended."

Appellant's contention is not merely that its business falls within an exception to the tax levy; but is that, properly construed, the levy does not apply to its business because intended to reach only busses operated on state or county highways, as distinguished from city streets. This construction is supported only by the fact that the tax is levied for state, or state and county, purposes only, and that the several municipalities of the state are prohibited from levying a like privilege tax.

The language employed to levy the tax being broad enough to include the business of operating motor busses over fixed or regular routes between points within a single municipality, the specified exceptions may be looked

to in aid of the construction of the principal clause. And the enumeration of the exceptions in the section with which we are dealing is persuasive that the General Assembly did not intend to limit the tax to busses operated on state or county roads. Excluding the operation of a car of not more than five-passenger capacity ''on a route outside a city or town not exceeding five miles'' implies the inclusion of such operation on a route *inside* a city or town, regardless of the capacity of the cars operated or the length of the route.

Busses operated between and through towns and cities are not taxed by the Act for the benefit of the cities and towns whose streets are used in reaching and leaving terminals; and the privilege tax levied by the Revenue Act on ''auto terminals'' is expressly declared to be ''in lieu of all county and municipal tax,'' notwithstanding such terminals are, perhaps without exception, operated within the limits of incorporated towns. Section 5 of the Revenue Act levies privilege taxes upon other classes of public service companies, with the provision that ''no county or municipality may impose any tax upon the privileges mentioned in this section.'' Included in this section are express companies, whose offices and trucks are operated in cities and on city streets; railroad terminal companies, located in cities; and a specific tax on all telephone instruments and pay stations. These several provisions of the same Revenue Act negative any presumption that the exclusion of a municipal tax indicates a legislative intent not to exact a tax for the benefit of the State when the privilege taxed is exercised within a municipality.

The decree of the chancellor will be affirmed.