## GILBERT v. COMMISSIONER OF INTERNAL REVENUE.

### CHASE v. SAME.

### No. 2608.

Circuit Court of Appeals, First Circuit.

Feb. 25, 1932.

Howard W. Brown, of Boston, Mass., for petitioners.

Claude R. Branch, Sp. Asst. to Atty. Gen. (G. A. Youngquist, Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and William Earl Smith, Sp. Assts. to Atty. Gen., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Bruce A. Low, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for Commissioner of Internal Revenue.

Before BINGHAM and WILSON, Circuit Judges, and MORTON, District Judge.

MORTON, District Judge.

These are appeals from a decision of the Board of Tax Appeals (Revenue Act of 1926, c. 27, §§ 1001–1003, 44 Stat. 9, 109, 110 [26 USCA §§ 1224 and note, 1225, 1226]). Both cases involve the same question, whether a certain loss sustained by the respective appellants in 1926 was an income loss or a capital loss. The Board ruled that it was a capital loss, and the petitioners appealed.

The petitioners were partners in the engineering and contracting business. They made a contract with a third party for the construction of an apartment house in Boston, and they agreed to accept for their services thereunder 500 shares of the preferred stock of the company which was erecting the building taken at the par value, $100 each. The building was erected pursuant to the contract during 1923 and 1924, and in those years the appellants received the 500 shares of stock as agreed. The stock was entered on the partnership books as business income and was included as such in their income tax returns. "The partnership did not receive the said shares of stock with any intention of holding them. It accepted them in lieu of cash as a means of securing the contract with the intention to convert the shares of stock into cash as soon as possible." Find-

ings of fact. Somewhat later, in order to protect the 500 shares, the partnership purchased 79 shares more of the same stock at $100 per share. While there is no explicit finding on the point, both parties have assumed that these additional shares were held with the same intention as the original shares, i. e., to convert them into cash as soon as possible. All of the stock was held for more than two years and was ultimately disposed of at a loss computed by the Commissioner at $29,118.48. The Commissioner ruled that this was a capital loss, and a majority of the Board of Tax Appeals so held.

The statute in question (Revenue Act of 1926, § 208 [26 USCA § 939 note]) reads as follows:

"(a) * * * (2) The term 'capital loss' means deductible loss resulting from the sale or exchange of capital assets. * * *

"(8) The term 'capital assets' means property held by the taxpayer for more than two years (whether or not connected with his trade or business), but does not include stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale in the course of his trade or business."

As the stock was held by the petitioners for more than two years it constituted capital assets, unless it comes within the exceptions stated in clause (8). These exceptions specify three kinds of property which do not become capital assets by being owned by the taxpayer for more than two years, viz., stock in trade, property properly included in the inventory of the business, and property held primarily for sale in the course of the business.

■ It is obvious that these shares were not stock in trade, and would not be included in the inventory as that word is used in the statute. The question is whether they come within the last provision. In the majority opinion of the Board of Tax Appeals it is said of this provision: "We think the above-quoted language from the statute refers to property which might be called stock in trade or what is being sold in the course of the business being carried on and not to other kinds of property." The difficulty with this view is that it gives no effect whatever to the provision under discussion. It is a well-settled rule of construction that a statute should, if possible, be so construed as to give meaning to all parts of it. Stock in trade and inventory property having been

covered by the first two classifications, the final provision was evidently intended to cover something else. It included in our opinion all property which was owned by the taxpayer in connection with his business and held primarily for sale, but which was not stock in trade or part of the inventory. This was the understanding of the matter by the Ways and Means Committee as appears by its report to the House of Representatives on the 1924 act when clause (8) received its present form. "(2) The last part of the definition of capital assets is changed to remove any doubt as to whether property which is held primarily for resale constitutes a capital asset, whether or not it is the type of property which under good accounting practice would be included in the inventory." Rept. No. 179, 68th Cong., 1st Sess., p. 19.

It is not uncommon for engineering or contracting firms to take their pay in stock, as the petitioners did in these cases. This stock was income when received; it remained income for two years; and thereafter it continued to be "property held by the taxpayer primarily for sale in the course of his trade or business."

The decisions of the Board of Tax Appeals are reversed, and the case is remanded to that Board for further proceedings not inconsistent with this opinion.