## PHIPPS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 1491.

Circuit Court of Appeals, Tenth Circuit.

Aug. 16, 1937.

David A. Reed, of Pittsburgh, Pa. (Gerald Hughes, of Denver, Colo., and W. A. Seifert, of Pittsburgh, Pa., on the brief), for petitioner.

Helen R. Carloss, Sp. Asst. to Atty. Gen. (Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

This petition to review a decision of the Board of Tax Appeals presents the question whether a gift of first Liberty Loan bonds is immune from the gift tax imposed by the Revenue Act of 1932.

Petitioner made gifts of such bonds of the par value of $160,000 to members of his family during the year 1933, and he made other gifts in that year. He filed a gift tax return in which the gifts of Liberty Loan bonds were noted with the statement that according to his information they were exempt from tax. The Commissioner increased the amount of the total gifts by including the Liberty Loan bonds and determined a resulting deficiency in gift taxes. The Board of Tax Appeals sustained that action, one member dissenting. 34 B.T.A. 641.

The first Liberty Loan bonds were issued under authority conferred by the Act of April 24, 1917. 40 Stat. 35. It is specifically provided in the first section of that act (31 U.S.C.A. § 746) that such bonds "shall be exempt, both as to principal and interest, from all taxation, except estate or inheritance taxes, imposed by authority of the United States, or its possessions, or by any State or local taxing authority." The bonds contain a provision identical with that in the statute.

Section 501 of the Revenue Act of 1932 imposes a tax upon the disposition of property by gift, to be measured by a graduated scale contained in the succeeding section. 47 Stat. 169, 245 (26 U.S.C.A. § 550 and note).

It will be noted that the provision in the authorizing statute and the covenant in the bonds each provide that the bonds, as

to principal and interest, shall be exempt from all taxation, except estate and inheritance taxes. A provision exempting bonds of a sovereign from taxation as to principal and interest, without more, relates exclusively to ad valorem or other direct taxes on them as property. Bonds issued under such a statute and containing such a covenant may be subjected to payment of an inheritance tax or an estate tax, because an indirect tax of that kind is an excise upon the transmission of the property, not a tax on the property eo nomine. Knowlton v. Moore, 178 U.S. 41, 20 S.Ct. 747, 44 L.Ed. 969; Plummer v. Coler, 178 U.S. 115, 20 S. Ct. 829, 44 L.Ed. 998; Murdock v. Ward, 178 U.S. 139, 20 S.Ct. 775, 44 L.Ed. 1009. In like manner, a gift tax is not a direct tax on property as such. Its imposition does not rest upon general ownership. It is an excise upon the use made of property, upon the exertion of the privilege of transmitting title by gift. Keeney v. New York, 222 U.S. 525, 32 S.Ct. 105, 56 L.Ed. 299, 38 L.R.A.(N.S.) 1139; Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226; Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748.

If the authorizing act and the provision in the bonds had merely provided that the bonds should be exempt from taxation as to principal and interest, gift taxes would not be included in the exemption. We understand that is conceded. But, petitioner contends that when Congress went further and expressly excluded estate taxes and inheritance taxes from the exemption, it evidenced an intention to include all others of the same class in the exemption. The familiar rule of expressio unius est exclusio alterius is advanced to sustain the contention. The considerations which prompted the insertion of the exception in the exemption provision are not clear. Estate taxes and inheritance taxes would have been excluded without it. The language expressly excluding them did not make any change so far as they were concerned.

A federal inheritance tax was imposed in 1898[1] and repealed in 1902[2]; an estate tax was laid in 1916[3] and was still in force, while our attention has not been called to any provision for a gift tax prior to passage of the statute authorizing the issuance of the first Liberty Loan bonds. Of course, in enacting the statute, Congress legislated concerning the power to tax, not merely as to existing taxes; but the explanation of the language contained in the act may lie in the fact that the two kinds of excises with which previous legislation dealt were borne in mind while no consideration was accorded the third kind to which Congress had not addressed itself in the form of specific legislation. Whatever the reason, Congress elected to make a specific declaration of exception in respect to the two kinds and to withhold it as to all others, either existing or which might be subsequently imposed. The reason, wisdom, or policy underlying the action was exclusively for Congress. But, the three species of excises are closely allied in structure and purpose (Burnet v. Guggenheim, supra), and no persuasive reason has been suggested which may have evoked a legislative desire that the bonds be subject to two of them and free from the third. In view of the cognate nature of such excises, it is difficult to perceive any basis for such a purpose.

It is further argued that all parts of the statute must be reconciled and given consistent, harmonious, and sensible effect if that can be done; that all of the words contained in it must be given effect; that it will not be presumed that Congress used extra and idle verbiage; and that a taxing statute should be liberally construed in favor of the taxpayer. These are recognized rules of a general nature for guidance in the interpretation of statutes. But, the maxim that a taxing statute should be liberally construed in favor of the taxpayer (Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; United States v. Merriam, 263 U.S. 179, 44 S.Ct. 69, 68 L.Ed. 240, 29 A.L.R. 1547; Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949) applies only where there is doubt, and it is not unyielding (Burnet v. Guggenheim, supra). Furthermore, it has no application in dealing with an asserted exemption. Exemption is not lightly inferred or readily implied. Philadelphia & Wilmington R. R. v. Maryland, 10 How. 376, 393, 13 L.Ed. 461; Vicksburg, S. & P. R. R. Co. v. Dennis, 116 U.S. 665, 668, 6 S.Ct. 625, 29 L.Ed. 770; Heiner v. Colonial Trust Co., 275 U.S. 232, 235, 48 S.Ct. 65, 72 L.Ed. 256. A provision granting it is construed against the taxpayer in respect to all ambiguities, and immunity is not founded upon doubtful phrases or ambiguous language. Hoge v. Railroad Co., 99 U.S. 348, 25 L.Ed. 303; Bank of Com-

---

[1] 30 Stat. 448.
[2] 32 Stat. 96.

[3] 39 Stat. 756.

merce v. Tennessee, 104 U.S. 493; 26 L.Ed. 810; Bank of Commerce v. Tennessee, 161 U.S. 134, 146, 16 S.Ct. 456, 40 L.Ed. 645; Cornell v. Coyne, 192 U.S. 418, 24 S.Ct. 383, 48 L.Ed. 504; Millsaps College v. Jackson, 275 U.S. 129, 48 S.Ct. 94, 72 L.Ed. 196; Riverdale Co-op. Creamery Ass'n v. Commissioner (C.C.A.) 48 F.(2d) 711; Sun-Herald Corporation v. Duggan (C.C.A.) 73 F.(2d) 298; Retailers Credit Ass'n v. Commissioner (C.C.A.) 90 F.(2d) 47. An asserted exemption will be denied unless it is granted by statute in plain terms. United States Trust Co. of New York v. Anderson (C.C.A.) 65 F.(2d) 575, 89 A.L.R. 994, certiorari denied 290 U.S. 683, 54 S.Ct. 120, 78 L.Ed. 589.

■ We think it cannot be said that the exemption provision with the language of exception evidences a plain and controlling legislative intent that gift taxes shall be included in the exemption. Appropriate application of the principles just stated leads to the conclusion that in the absence of a plainly granted immunity none exists. This conclusion finds support in Hamersley v. United States (Ct.Cl.) 16 F.Supp. 768.

The order of the Board of Tax Appeals is sustained.

PHILLIPS, Circuit Judge (dissenting).

The first federal gift tax was imposed by the Revenue Act of 1924, 43 Stat. 253, 313, § 319 et seq. It remained in force for the years 1924 and 1925 and was repealed as of January 1, 1926, by the Revenue Act of 1926, 44 Stat. 9, 126, § 1200.

A federal gift tax was again imposed by the Revenue Act of 1932, 47 Stat. 173, 245, § 501 (26 U.S.C.A. § 550 and note). It was amended by the Revenue Act of 1934, § 511, 48 Stat. 758 (26 U.S.C.A. § 550).

The bonds, which were the subject matter of the gift here involved, were issued under the Act of April 24, 1917 (40 Stat. 35), the pertinent part of which is set out in the majority opinion.

The bonds contained this language:

"The principal and interest of this bond shall be payable in United States Gold coin of the present standard of value and shall be exempt, both as to principal and interest, from all taxation, except estate or inheritance taxes, imposed by authority of the United States, or its possessions, or by any state or local taxing authority."

Section 10 of the Act of January 22, 1932 (47 Stat. 5, ch. 8 [15 U.S.C.A. § 610]), creating the Reconstruction Finance Corporation, reads:

Sec. 10. "Any and all notes, debentures, bonds, or other such obligations issued by the corporation shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority."

Section 13 of the "Federal Home Loan Bank Act" of July 22, 1932 (47 Stat. 725, 735, ch. 522 [12 U.S.C.A. § 1433 and note]), reads in part as follows:

Sec. 13. "Any and all notes, debentures, bonds, or other such obligations issued by any bank shall be exempt both as to principal and interest from all taxation (except surtaxes, estate, inheritance, and gift taxes) now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority."

Section 12B of the Federal Deposit Insurance Corporation Act, adding section 12B to the Federal Reserve Act as of June 16, 1933, ch. 89, § 8, 48 Stat. 168; June 16, 1934, ch. 546, § 1, 48 Stat. 969; June 28, 1935, ch. 335, 49 Stat. 435; August 23, 1935, ch. 614, § 101, 49 Stat. 684, 12 U.S.C.A. § 264 (p) reads in part as follows:

"All notes, debentures, bonds, or other such obligations issued by the Corporation shall be exempt, both as to principal and interest, from all taxation (except estate and inheritance taxes) now or hereafter imposed by the United States, by any Territory, dependency, or possession thereof, or by any State, county, municipality, or local taxing authority."

Section 12 (b) of the Federal Farm Mortgage Corporation Act, Act of January 31, 1934, ch. 7, 48 Stat. 347, as amended by the Act of February 26, 1934, ch. 33, 48 Stat. 360, 12 U.S.C.A. § 1020f (b), reads as follows:

"Mortgages executed to the Land Bank Commissioner and mortgages held by the Corporation, and the credit instruments secured thereby, and bonds issued by the Corporation under the provisions of this subchapter, shall be deemed and held to be instrumentalities of the Government of the United States, and as such they and the income derived therefrom shall be exempt from Federal, State, municipal, and local

taxation (except surtaxes, estate, inheritance, and gift taxes)."

Section 16 of the Act creating the War Finance Corporation, Act of April 5, 1918, ch. 45, 40 Stat. 511, 15 U.S.C.A. § 344, in part reads:

"Any and all bonds issued by the corporation shall be exempt, both as to principal and interest, from all taxation imposed by the United States, any State, or any of the possessions of the United States, or by any local taxing authority, except (a) estate or inheritance taxes, and (b) graduated additional income taxes, commonly known as surtaxes."

Thus it will be seen that three acts, one of which was enacted since the gift tax statutes were enacted and when the last gift tax statute was in force, specifically excepted from the general exemption provision estate or inheritance taxes and did not except therefrom gift taxes and three others specifically excepted from the general exemption provision, estate, inheritance and gift taxes.

Paragraph 91 of "United States Treasury Department Circular No. 300 with Respect to United States Bonds and Notes" promulgated July 31, 1923, reads:

"Fully tax-exempt obligations—All outstanding bonds of the United States issued prior to April 24, 1917, and the 3½ per cent. bonds of the First Liberty Loan, are exempt, both as to principal and interest, from all taxation, except estate or inheritance taxes, now or hereafter imposed by the United States or its possessions or by any State or local taxing authority."

It was not until T.D. 4550, XIV-I C. B. 381, promulgated May 21, 1935, amending Article 2 of Regulations 79, relating to gift taxes under the Revenue Act of 1932, as amended by the Revenue Act of 1934, that the Treasury Department regulations specifically provided that tax exemption statutes on bonds are not applicable to gift taxes. In Regulations 79, as extant from issuance on October 30, 1933, to May 21, 1935, nothing was said about exempting statutes.

Respondent urges that these general exemption clauses would not have embraced either estate, inheritance or gift taxes if the exception written into the acts had been wholly omitted, for the reason that such taxes are indirect taxes and not taxes on the principal or interest of the obligations. Congress apparently has not so construed the meaning of the phrase "all taxation" in the general exemption provisions because it has seen fit to write into the several acts express exceptions to the general exemption clauses, sometimes including in the exception both estate and gift taxes and sometimes only the former.

Furthermore, our problem is not to construe such general exemption clauses, standing alone with no specific exceptions written therein but to determine the intent of Congress in acts where it has followed a general exemption clause with an express exception specifically excepting therefrom one or more enumerated indirect taxes.

The construction urged by the respondent would leave all of such exception clauses wholly superfluous, meaningless and serving no useful purpose. It would leave the words of Congress excepting from one species of taxes, specific taxes not included therein, an exception from a whole of specific things not embraced within such whole. It would have Congress saying in effect, this bond shall be exempt from all direct taxes except the following enumerated, indirect taxes.

It is a cardinal rule of construction of statutes that effect should be given, if possible, to every word, phrase, clause, and sentence.[4] It should not be presumed that any provision is redundant or useless.[5] "All

[4] Chicago Great Western R. Co. v. Farmers' Shipping Association (C.C.A. 10) 59 F.(2d) 657, 659; Holman v. Cross (C.C.A. 6) 75 F.(2d) 909, 911; Fruehauf Trailer Co. v. United States Trust Co. (C.C.A.6) 45 F.(2d) 73, 75; North American Creamery Co. v. Willicuts (D. C.Minn.) 38 F.(2d) 483, 487; Pillsbury Flour Mills Co. v. Great Northern Ry. Co. (C.C.A. 8) 25 F.(2d) 66, 69; Sullivan v. Associated Billposters and Distributors (C.C.A. 2) 6 F.(2d) 1000, 1011, 42 A.L.R. 503; United States v. Daniels (C.C.A. 2) 279 F. 844, 849; United States v. Ninety-nine Diamonds (C.C.A. 8) 139 F. 961, 963, 2 L.R.A.(N.S.) 185; Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704; Ex Parte Public National Bank of New York, 278 U.S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202.

[5] United States v. Ninety-nine Diamonds, 139 F. 961, 963, 2 L.R.A.(N.S.) 185; Fetzer v. Johnson (C.C.A. 8) 15 F. (2d) 145, 151; Winterbottom v. Casey (D.C.Mich.) 283 F. 518; Ex Parte Public National Bank of New York, 278 U. S. 101, 104, 49 S.Ct. 43, 73 L.Ed. 202; Platt v. Union Pac. R. Co., 99 U.S. 48, 58, 59, 25 L.Ed. 424; United States v.

the words of a statute must have effect rather than that part should perish by construction." Aaron v. U. S. (C.C.A.8) 204 F. 943, Westerlund v. Black Bear Mining Co. (C.C.A.8) 203 F. 599, 608.

It is the duty of the court in construing a statute, to endeavor to reconcile the different parts so as to make them consistent, harmonious and sensible.[6]

The function of an exception is to exclude that which would otherwise be included in the category from which it is excepted.[7] The exception of a particular thing from the general words of a statute shows that, in the opinion of the lawmaking body, the thing excepted would be within the general clause, had the exception not been made.[8] An express exception in a statute is an affirmation of the application of its provisions to all other exceptions.[9]

No doubt Congress had in mind that the bonds authorized by the Act of April 24, 1917, would be purchased by large numbers of American citizens in recognition of their patriotic duty; that they would be acquired by many persons unlearned in the technical distinction between direct taxes on the principal of and interest on the bonds and indirect taxes affecting only a transfer or disposition of the bonds; and that the ordinary layman reading the general exemption clause would construe it as an exemption from all taxation both direct and indirect.

I think it a reasonable assumption that Congress, with the foregoing facts in mind,

chose to use the language of the general exemption clause in a broad and comprehensive sense rather than in a technical or narrow sense and to write into the clause express exceptions of the taxes it did not intend to be embraced within the exemption. The statutes subsequently enacted hereinbefore set out tend to confirm this view.

Furthermore, the exemption is to state and local taxation as well as federal and Congress may have been unwilling to subject the bonds to all forms of indirect taxation by state and local taxing authorities.

I am not unmindful of the rule that statutory provisions granting exemption from taxes are to be strictly construed. However, that is a rule of construction only and the other rules of construction to which I have adverted should also be regarded. When all the applicable rules are applied I think the intent to except from all forms of taxation other than those specifically excepted is reasonably clear.

The construction I have suggested gives meaning to every word, clause and part of the section of the Act of April 24, 1917, here involved; it reconciles the general clause and the exception and makes them consistent, harmonious and sensible, instead of leaving the exception meaningless and useless and permitting it to perish by construction.

For the reasons indicated, I respectfully dissent.

---

Landram, 118 U.S. 81, 85, 6 S.Ct. 954, 30 L.Ed. 58; Ginsberg v. Popkin, 285 U. S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704.

[6] Platt v. Union P. R. Co., 99 U.S. 48, 59, 25 L.Ed. 424; Hellmich v. Hellman, 276 U.S. 233, 237, 48 S.Ct. 244, 72 L. Ed. 544, 56 A.L.R. 379; State of Oklahoma ex rel. King v. Handy (C.C.A. 10) 71 F.(2d) 697, 701, certiorari denied 293 U.S. 610, 55 S.Ct. 126, 79 L.Ed. 700; Gilbert v. Commissioner (C.C.A. 1) 56 F.(2d) 361, 362; Ruff v. Gay (C.C.A. 5) 67 F.(2d) 684, 685, affirmed 292 U. S. 25, 54 S.Ct. 608, 78 L.Ed. 1099, 92 A.L.R. 970; Jones v. York County, Neb. (C.C.A. 8) 47 F.(2d) 837, 839; United States v. Picalas (D.C.W.Va.) 27 F.(2d) 366, 367; Mitchell v. Board of Education of Haywood Co., 201 N.C. 55, 158 S.E. 850, 851.

[7] United States v. Cook, 17 Wall. 168, 177, 21 L.Ed. 538; Western Assur. Co. v. J. H. Mohlman Co. (C.C.A. 2) 83 F. 811, 815, 40 L.R.A. 561; Territory v. Tan Yick, 22 Hawaii, 773, 776; New Jersey S. B. of Optometrists v. S. S.

Kresge Co., 113 N.J.Law, 287, 174 A. 353, 357.

[8] Brown v. Maryland, 12 Wheat. 419, 438, 6 L.Ed. 678; Washington v. Atlantic Coast Line R. Co., 136 Ga. 638, 71 S.E. 1066, 1068, 38 L.R.A.(N.S.) 867; Arnold, Constable & Co. v. United States, 147 U.S. 494, 499, 13 S.Ct. 406, 37 L.Ed. 253; Hopkins v. United States (C.C.A. 8) 235 F. 95, 98; Brown v. Porter, 42 Idaho, 295, 245 P. 398, 399.

[9] State ex rel. Spokane & Eastern Trust Co. v. Nicholson, 74 Mont. 346, 240 P. 837, 839; Dubuque Electric Co. v. City of Dubuque (C.C.A. 8) 260 F. 353; Arnold, Constable & Co. v. U. S., 147 U.S. 494, 499, 13 S.Ct. 406, 37 L.Ed. 253; Bend v. Hoyt, 13 Pet. 263, 271, 10 L.Ed. 154; Brown v. Porter, 42 Idaho, 295, 245 P. 398, 399; Pantorium v. McLaughlin, 116 Neb. 61, 215 N.W. 798, 800; City of Knoxville v. Gervin, 169 Tenn. 532, 89 S.W.(2d) 348, 350; Johnson City T. Corporation v. Sells, 163 Tenn. 552, 44 S.W.(2d) 312, 313; Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.(2d) 56, 60.