## UNITED STATES TRUST CO. OF NEW YORK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 235.

Circuit Court of Appeals, Second Circuit.
July 25, 1938.

Wilder Goodwin, of New York City (Robert C. Flack, of New York City, of counsel), for taxpayer.

Abraham J. Rosenblum, of New York City, amicus curiæ for American Legion.

Edward A. Vosseler, of New York City, amicus curiæ for American Legion, Department of New York.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Berryman Green, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

■ The sole question at issue is whether the proceeds of a War Risk Insurance policy are includable in the gross estate of the insured for the purpose of computing the estate tax. They are made so includable by the broad language of Sec. 302(g) of the Revenue Act of 1926 (44 Stat. 70), 26 U.S.C.A. § 411(g), which is in accord with similar provisions in prior acts. Sec. 402 (f) of the Revenue Act of 1918 and that of 1921, 40 Stat. 1098, 42 Stat. 279, and Sec. 302(g) of the Revenue Act of 1924, 26 U.S. C.A. § 411 note. The Commissioner has always construed these sections as he did the one here involved to make the proceeds of War Risk Insurance includable in the decedent's gross estate for the determination of the estate tax. Reg. 37; Art. 32; Reg. 63; Art. 63; Reg. 68; Art. 25. Congress has re-enacted the statute without material change in that respect and thereby given such evidence of its approval of the administrative construction that we are persuaded that the statute does, in so far as it can, provide for the inclusion. The Board, relying mainly upon its previous decision in Bankers Trust Co. et al., Executors, v. Commissioner, 33 B.T.A. 746, upheld the Commissioner and the executor has brought this petition for review.

The insured was George H. Bunker, a veteran who died December 10, 1934. At the time of his death he held a valid policy of War Risk Insurance in the amount of $10,000 in which his wife was named as the beneficiary. The proceeds of that policy were duly paid to his widow. The deficiency in question was determined by the Commissioner by including that $10,000 in the gross estate of the decedent and finding that when so included such gross estate exceeded the statutory exemption of $40,000 by $6,942.87. The tax computed upon such excess is the one here involved.

As it is plain enough that Congress has attempted to include the proceeds of this insurance in the gross estate of an insured for computing the amount of the estate tax, it remains to be determined whether it had the power to do so. The petitioner says it did not for two reasons. The first is that by the express provisions of Sec. 28 of the War Risk Insurance Act, 40 Stat. 609, insurance payable on such a policy is exempted from taxation; and the second is that the policy was a contract of the United States which created a vested property right and that its taxation would be a deprivation in violation of the Fifth Amendment, U.S.C.A. Const. Amend. 5. We need not disagree with either premise to reach, as we do, a conclusion contrary to that of the petitioner and in accord with that of the Board of Tax Appeals since neither the policy nor its proceeds have been taxed.

■ The estate tax is an excise tax upon the right to transfer property upon death. Chase National Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405, 63 A. L.R. 388. It is a tax upon the privilege and not upon the property itself. Consequently there is no conflict between the exemption statute and the estate tax statute and no need to consider whether the latter has in any way modified the former. A close analogy may be found in the gift tax. See Bromley v. McCaughn, 280 U.S. 124, 50 S.Ct. 46, 74 L.Ed. 226; Burnet v. Guggenheim, 288 U.S. 280, 53 S.Ct. 369, 77 L.Ed. 748. And the controlling principle has already been established in respect to estate taxes measured by including tax exempt bonds in the amount upon which the tax is computed. Plummer v. Coler, 178 U.S. 115, 20 S.Ct. 829, 44 L.Ed. 998, and Murdock v. Ward, 178 U.S. 139, 20 S.Ct. 775, 44 L.Ed. 1009. These cases cannot be distinguished on the theory that here some special kind of property was transmitted which in some way makes this a tax on property for "it is the power to transmit, or the transmission from the dead to the living, on which such taxes are more immediately rested." Knowlton v. Moore, 178 U.S. 41, 56, 20 S.Ct. 747, 753, 44 L.Ed. 969. Further emphasis upon the distinction between a tax upon the property and one upon the privilege of transferring such property may be found in Hamersley v. United States, Ct.Cl., 16 F.Supp. 768, and Phipps v. Commissioner, 10 Cir., 91 F.2d 627, 112 A.L.R. 1441.

■ As to the second ground relied on by the petitioner there is little left to be said. Since the proceeds of the policy have not themselves been taxed it cannot be said that anyone has been deprived of a vested contract right. See Chase National Bank v. United States, supra. Indeed, so far as the contract itself is concerned performance was completed when the proceeds of the policy were paid in full to the widow.

Affirmed.