CARL HENSLEY AND ELOISE G. HENSLEY, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 60275.    Filed November 12, 1958.

*Ernest G. Pharr, Esq.,* for the petitioners.
*Allen T. Akin, Esq.,* and *Harold D. Rogers, Esq.,* for the respondent.

342

OPINION.

RAUM, *Judge:* We encountered considerable difficulty in this case by reason of the lack of clarity as to the precise nature of petitioners' claim and the vagueness of the evidence. Our repeated efforts, in the interests of justice, to obtain clarification at the trial, were only partly successful.

At the outset, it must be remembered that petitioners' returns claimed a deduction in the amount of $36,670.89 as "Loss on For-feiture of Interest Upon Withdrawal From Partnership—H & L Construction Company." But the evidence nowhere could support any finding that Hensley forfeited an interest in or withdrew from the partnership. Indeed the evidence shows that the partnership owned certain depreciable assets as well as accounts receivable in ad-dition to the Canyon View stock, and that the transaction relied upon as generating the deductible loss was merely an assignment by Hen-sley of his partnership interest in the Canyon View stock in consid-eration of the payment of the partnership's obligation to the bank. There was no "forfeiture" nor is there any evidence that he withdrew from the partnership. Any deduction based upon "forfeiture" must be disapproved upon this record.

However, the Government does recognize that Hensley sustained a loss in the amount of $34,825.04 upon disposition of his *partnership interest in the stock.* That amount appears to have been computed as follows: The cost of the stock to the partnership was $104,332.09, of which $52,166.05 represented Hensley's one-half. From his supposed basis of $52,166.05 there was subtracted his one-half of the bank in-debtedness ($34,682.02) paid off, namely, $17,341.01, representing in substance the "sales price" of his interest, thus leaving a net loss of $34,825.04. An oral stipulation made at the trial fixes the amount of the claimed loss at that amount.

Section 117 (a) (1) of the Internal Revenue Code of 1939 defines "capital assets" as "property held by the taxpayer (whether or not connected with his trade or business)" with certain exceptions, one of which is "property held by the taxpayer primarily for sale to cus-tomers in the ordinary course of his trade or business." The Com-missioner's position is that Hensley's partnership interest in the

Canyon View stock was a capital asset within section 117 (a) (1) and that the loss sustained upon the sale is deductible only in accordance with the limitations set forth in section 117 (d) (2) with respect to such assets. Petitioners, on the other hand, contend that the loss was not a capital loss, and that it is deductible in full as an ordinary loss or as an ordinary and necessary expense incurred in carrying on his trade or business.

Reading the statute literally, Hensley's partnership interest in the Canyon View stock certainly falls within the statutory definition of capital assets, and does not qualify for any of the exceptions spelled out in the various subparagraphs of section 117 (a) (1). Petitioners do not argue that any of those subparagraphs other than (A) is applicable,[1] and they concede on brief that the only clause in (A) upon which they rely is the one relating to "property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business."

The quoted language plainly does not appear to cover Hensley's partnership interest in the Canyon View stock. That interest was not held by him primarily for sale to customers in the ordinary course of his trade or business, and the attempt to bring it within the exclusionary clause of (A) would stretch the statutory language beyond the breaking point.

Petitioners undertake to support their position by referring to three cases: *Gilbert* v. *Commissioner*, 56 F. 2d 361 (C. A. 1); *Harry Dunitz*, 7 T. C. 672, affirmed 167 F. 2d 223 (C. A. 6); and *Edwards* v. *Hogg*, 214 F. 2d 640 (C. A. 5). In these cases the courts held that bonds or shares of stock were not capital assets, the sale of which gave rise to capital gain or capital loss, because they constituted property held primarily for sale by the taxpayers in the ordinary course of their trade or business. They involved instances where stock received by a partnership in lieu of cash for services rendered in the construction of an apartment house was held by it for resale (*Gilbert* v. *Commissioner*); where the purchase and sale of mortgage bonds was regarded as an essential part of the business of taxpayers (*Harry Dunitz*); and where a partnership engaged in the wholesale whisky business was required to purchase stock in order to acquire whisky for sale to its customers (*Edwards* v. *Hogg*).

The facts of the instant proceeding are sharply distinguishable from those in the foregoing cases. Hensley did not sustain a loss

---

[1] SEC. 117. CAPITAL GAINS AND LOSSES.

(a) DEFINITIONS.—As used in this chapter—

(1) CAPITAL ASSETS.—The term "capital assets" means property held by the taxpayer (whether or not connected with his trade or business), but does not include—

(A) stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year, or property held by the taxpayer primarily for sale to customers in the ordinary course of his trade or business;

from the sale of stock of Canyon View. That stock was owned by the partnership which purchased it and carried it on its balance sheet as an investment. The stock was a capital asset of the partnership even though it was purchased with the object of obtaining the job of constructing the apartment project and deriving profit therefrom. *Exposition Souvenir Corporation* v. *Commissioner*, 163 F. 2d 283 (C. A. 2). Hensley's partnership interest in the stock was also a capital asset as defined in section 117 (a) (1), inasmuch as it was property held by him and did not fall within the classes of property specifically excluded. Cf. *Commissioner* v. *Shapiro*, 125 F. 2d 532 (C. A. 6); *Commissioner* v. *Smith*, 173 F. 2d 470 (C. A. 5), certiorari denied, 338 U. S. 818. Petitioners have not proved that it was not held by Hensley for more than 6 months. In the circumstances we hold that the respondent did not err in his determination that the loss sustained upon the sale of the partnership interest was a long-term capital loss as defined in section 117 (a) (5) of the Internal Revenue Code of 1939 which was deductible only to the extent provided in section 117 (d) (2).

Petitioners' further claim to a deduction as an ordinary and necessary business expense is not amplified or discussed by them, and we are unable to see how section 23 (a), which deals with such deductions, could govern here. Section 23 (a) contemplates deduction for expenditures, and the record is utterly devoid of proof that petitioner made an expenditure in 1952 that would form the basis for the applicability of these provisions. There is no merit to the contention.

*Decision will be entered for the respondent.*